IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60366

Summary Calendar
_____

TAYLOR MACHINE WORKS, INC,

                              Plaintiff - Appellee

    v.

TOM DEVINE; ET AL,

                              Defendants

    TOM DEVINE,

                              Defendant - Appellant

_____

Appeal from the United States District Court
for the Northern District of Mississippi
No. 1:96-CV-255-S-D
_____
December 22, 2000
Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Tom Devine appeals the judgment of the district court confirming an arbitration award.  For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 11, 1996, Taylor Machine Works, Inc. ("Taylor") sued Tom Devine and On-Site Medwaste Company[1] for breach of a manufacturing contract and for tortious interference.  Devine removed the action to federal court on August 13, 1996.[2]  On

---

[1]  On-Site Medwaste Company ("Medwaste") was a part of these proceedings until the notice of appeal.  Only Devine appeals the district court's order to this court.

[2]  Devine appears to argue that the district court "may" not have had subject matter jurisdiction over the controversy, even though he is the party who removed the case to federal court.  Although this issue was merely raised and not briefed by Devine, we are nonetheless required to address it.  See Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999) ("[A] court sua sponte must raise the issue if it discovers it lacks subject matter jurisdiction.").  The subject matter of the district court is based upon diversity jurisdiction: Taylor is a Mississippi corporation with its principal place of business in Mississippi; Medwaste is a Texas corporation with its principal place of business in Texas; and Devine is an adult resident citizen of Texas.  These facts establish complete diversity.  Devine now asserts, however, that at the time of removal, Medwaste's principal place of business "may have been Mississippi" because Taylor foreclosed on a controlling share of Medwaste's stock.  If Medwaste's principal place of business shifted to Mississippi due to Taylor's foreclosure on the stock, diversity would no longer be complete.  See N.Y. Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998).  We find, however, that there is no evidence in the record to indicate that this occurred.  Indeed, Devine defeats his own argument by acknowledging that Medwaste "operated in Texas only and not in Mississippi."  Although the record is incomplete, this statement leads us to the conclusion that Texas remains Medwaste's principal place of business.  Therefore, we find that subject matter jurisdiction is not an issue in this case.

October 3, 1996, the district court granted Devine's motion to stay the proceedings in order for the parties to submit the dispute to arbitration. The matter subsequently underwent arbitration on October 22, 23, and 24, 1996. On October 24, the parties informed the arbitrator that they had executed a settlement agreement.

At the request of the parties and under the terms of the settlement agreement, the arbitrator entered his award on the settlement agreement. The award by the arbitrator in favor of Taylor was a "general award" of $1,529,834.89, which was the amount agreed upon by the parties in the settlement agreement. Taylor then moved to have the district court confirm the award, and Devine objected and moved to vacate the award. After countless motions by the parties, on June 9, 1997, the district court issued an order (the "June 9 Order") denying all pending motions and instructing the parties to "resubmit the[] issues to the arbitrator so that he may reissue his award setting forth precisely the terms resulting from the arbitration."

The arbitrator incorporated the entire settlement agreement into the modified award. Over Devine's motion to vacate the modified award, the district court confirmed. Devine appeals the confirmation.

## II. STANDARD OF REVIEW

3

We review de novo a district court's order denying a motion to vacate an arbitration award.  See United Food & Commercial Workers Union v. Pilgrim's Pride Corp., 193 F.3d 328, 332 (5th Cir. 1999); McIlroy v. Painewebber, Inc., 989 F.2d 817, 819 (5th Cir. 1993).  This court gives great deference to the arbitrator and will yield whenever possible to the arbitrator's resolution of the dispute.  See Atl. Aviation, Inc. v. EBM Group, Inc., 11 F.3d 1276, 1282 (5th Cir. 1994); McIlroy, 989 F.2d at 820.  De novo review enables this court "to determine whether the district court accorded sufficient deference to the arbitrator['s] decision."  Atl. Aviation, Inc., 11 F.3d at 1282.

### III. THE DISTRICT COURT PROPERLY CONFIRMED

### THE ARBITRATOR'S AWARD

Devine raises two arguments[3] regarding whether the arbitration award should be vacated.  First, Devine contends that

---

[3]  Devine also asserts that the parties did not actually reach a settlement because there was no meeting of the minds.  We do not consider this issue because Devine did not raise this objection below, and no plain error exists.  See Forbush v. J.C. Penney Co., 98 F.3d 817, 822 (5th Cir. 1996) ("This Court will not address an argument raised by a party for the first time on appeal . . . unless it meets the plain error standard."); see also Ferguson v. Fed. Deposit Ins. Corp., 164 F.3d 894, 897 (5th Cir.), cert. denied, 120 S. Ct. 61 (1999).  We note, however, that during the first arbitration, the arbitrator asked both parties if they wished him to read and comment, as a neutral party, upon the settlement agreement.  Both parties declined.  The arbitrator also asked whether the document was in fact their settlement agreement.  Both parties answered affirmatively.  We take this as sufficient to establish a meeting of the minds between the parties.

4

the arbitrator failed to comply with the district court's June 9 Order by simply incorporating the entire settlement agreement into the modified arbitration award. He asserts that the district court ordered a "rehearing" of the issues, and therefore, the district court erred in confirming the modified award when the arbitrator did not conduct further arbitration.

We find no merit in Devine's argument because the district court's June 9 Order was a clear order to the arbitrator to clarify his findings, not an order to rehear the dispute. The district court was concerned with the award because the arbitrator appeared both to incorporate by reference the parties' settlement agreement and, at the same time, to use "standard language" that appeared to expressly exclude the agreement. Not wishing to "second-guess" the arbitrator, the district court ordered that the issues be resubmitted so that the arbitrator could "reissue his award setting forth precisely the terms resulting from the arbitration."

The parties resubmitted the issues, and the arbitrator reissued the award, expressly incorporating the entire agreement. In its February 4, 2000 order, the district court found that the arbitrator complied with its June 9 Order and had clearly "resolved the uncertainty about the status of the settlement agreement."[4]  Under the deference we accord to the arbitration

_____

[4]  Devine asserts that he raised the issue of breach of the settlement agreement upon resubmission to the arbitrator and that

5

process, we agree with the district court that the arbitrator complied with its June 9 Order.

In his second argument, Devine asserts that the arbitrator refused to hear material evidence in violation of 9 U.S.C. § 10(a)(3) (1999). Under 9 U.S.C. § 10(a)(3), an arbitration award may be vacated if "the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). Devine presented no evidence to the district court or to this court that demonstrates that the arbitrator refused to hear evidence. In fact, the case was in arbitration for approximately three days

_____

the arbitrator did not consider evidence regarding this claim. The district court found that after the arbitrator received the resubmission of the issues and the accompanying arguments, he incorporated the entire settlement agreement into the modified award. Because of this action by the arbitrator, the court concluded that the arbitrator "implicitly dismissed" the issue.

Devine argues that the district court erred in finding that the arbitrator "implicitly dismissed any argument by Devine that the settlement agreement was not binding on the parties" when he incorporated the entire agreement into the modified award. We find no fault with the district court's decision for the simple reason that an arbitrator need not list the reasons for his or her award. See Antwine v. Prudential Bache Sec., Inc., 899 F.2d 410, 412 (5th Cir. 1990). The policy behind this rule is that "[i]f arbitrators were required to issue an opinion or otherwise detail the reasons underlying an arbitration award, the very purpose of arbitration—the provision of a relatively quick, efficient and informal means of private dispute settlement—would be markedly undermined." Id. After a review of the record, we note that this policy has already been frustrated in this action. We agree with the district court "that both parties have accomplished little more than an increase in their clients' fees since the removal of this suit on August 13, 1996." Accordingly, we find that the district court did not err by finding an implicit dismissal of this issue.

6

before the settlement agreement was reached.  In addition, during resubmission of the issues, both parties submitted documents to the arbitrator to support their positions.  Hence, the district court did not err in finding that this argument provided "no reason" to vacate the award.[5]

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[5]  Due to inadequate briefing, we do not address Devine's contention that the district court erred in refusing to vacate the award under 9 U.S.C. § 10(4).  Nowhere in his initial brief does Devine support his assertion that the arbitrator "so imperfectly executed his powers so that a mutual, final, and definite award upon the subject matter submitted was not made." Therefore, this argument is waived.  See Rutherford v. Harris County, Tex., 197 F.3d 173, 193 (5th Cir. 1999) (refusing to consider inadequately briefed issue); Dardar v. Lafourche Realty Co., 985 F.2d 824, 831 (5th Cir. 1993) ("Questions posed for appellate review but inadequately briefed are considered abandoned.").  Devine attempts to remedy this omission in his reply brief by discussing the issue.  In his reply brief, however, Devine fails to address how the arbitrator "so imperfectly executed" his powers.  Instead, he simply argues that the settlement agreement, to which he agreed during the first arbitration, was "ambiguous."  Notwithstanding these observations, however, because Devine failed to argue this issue in his opening brief, we will not consider it.  See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its initial brief on appeal.").