Affirmed and Opinion filed August 29, 2002









Affirmed and Opinion filed August 29, 2002.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-00-00683-CV

____________

 

CURTIS L. MARLOW and SYLVIA MARLOW,
Appellants

 

V.

 

PALM
HARBOR HOMES, INC., FAMILY HOME SOURCE, INC., and GREEN TREE FINANCIAL
SERVICING CORPORATION, Appellees

 



 

On
Appeal from the 80th District Court 

Harris  County, Texas

Trial
Court Cause No. 99-03520

 



 

O
P I N I O N

In
this appeal from a judgment confirming an arbitration award, appellants claim
the trial court erred in (1) ordering binding arbitration, (2) remanding the
case for a limited purpose arbitration, (3) overruling appellants=
motion to vacate the award, and (3) entering a take-nothing judgment against
appellants and an award for one appellee. 
We affirm the trial court=s judgment.

 








Background
and Procedural History

In
August 1997, Curtis Marlow purchased a home manufactured by Palm Harbor Homes,
Inc., (APalm
Harbor@)
from Family Home Source, Inc. (AFamily Home@).  Marlow and Family
Home signed a Manufactured Home Retail Installment Contract, which contained
the following provision:

14.
ARBITRATION: All disputes, claims, or controversies
arising from or relating to this Contract or the parties thereto shall be
resolved by binding arbitration by one arbitrator selected by [Seller] with
[Buyer=s]
consent.  

 

The
contract was later assigned to Green Tree Financial Servicing Corporation (AGreen
Tree@).  After Marlow and his wife, Sylvia, began
experiencing problems with the home, 
Marlow filed suit against Green Tree, Family Home, and Palm Harbor,
alleging (1) violations of the Texas Deceptive Trade Practices Act, (2)
statutory and common law fraud, (3) misrepresentation, (4) breach of contract,
and (5) breach of warranty.  

Family
Home moved to stay litigation and compel arbitration pursuant to the Federal
Arbitration Act (AFAA@) and the Texas General Arbitration Act (ATGAA@).  On March 29, 1999, the trial court conducted
a hearing to determine the validity of the arbitration agreement.  Following the hearing, the trial court
granted the motion and referred Marlow=s claims to binding arbitration.  The case was arbitrated June 9th and 10th,
1999, with Curtis Marlow representing himself pro se, assisted by his
wife, Sylvia.  The arbitrator found that
Marlow was not entitled to relief and determined Green Tree was entitled to a
deficiency judgment as well as foreclosure of its lien on the manufactured
home.  The trial court entered a Final
Judgment confirming the arbitrator=s award on July 13, 1999. 









However,
on August 12, 1999, Curtis Marlow retained counsel and filed a motion to vacate
the arbitration award and a motion for new trial.  On August 20, 1999, Sylvia Marlow retained
the same legal counsel and intervened in the litigation, asserting claims
identical to Curtis=s.  The trial court
granted the motion for new trial October 5, 1999, and entered an order, at the
joint request of appellees, on October 18, 1999, remanding the case to
arbitration for the limited purpose of presenting additional witnesses.[1]


The
arbitrator heard testimony from the additional witnesses with Curtis Marlow and
his attorney present; while Sylvia Marlow was not present, she was represented
by the same attorney.  Following the
second arbitration, the arbitrator rendered a second Full and Final Arbitration
Award with the same result.  At appellees=
urging, however, the arbitrator later entered a Corrected Full and Final
Arbitration Award to include Sylvia Marlow=s name in the award.  The
trial court entered a Corrected Final Judgment confirming the arbitrator=s
award that the Marlows take nothing and Green Tree recover the mobile home in
question and the sum of $67,600.38 plus interest and costs.  The Marlows again filed a motion for  new trial and a motion to vacate the award of
the arbitrator.  The trial court denied
these motions, and this appeal followed.

Binding
Arbitration 

In
their first two issues, the Marlows claim the trial court erred in submitting
Curtis=s
claims to binding arbitration and later remanding them for a limited-purpose
arbitration.  Specifically, the Marlows
contend (1) Curtis=s claims against Palm Harbor should not have been submitted to
arbitration, (2) no evidentiary hearing on the validity of the arbitration
agreement was conducted, and (3) the arbitration agreement is unconscionable
and was obtained by fraud.          








In
determining whether to compel arbitration, two issues must be decided: (1)
whether a valid, enforceable arbitration agreement exists, and if so, (2)
whether the claims asserted fall within the scope of the agreement.  See In re First Merit Bank, N.A., 52
S.W.3d 749, 753 (Tex. 2001).  Because
state and federal policies continue to favor arbitration, a presumption exists
in favor of agreements to arbitrate, and courts must resolve any doubts about
an arbitration agreement=s scope in favor of arbitration.  Id. 
Once the trial court finds a valid agreement covers the claims, and the
party opposing arbitration has failed to prove a defense, the trial court has
no discretion but to compel arbitration and stay its own proceedings.  See id. at 753-54.          

Palm
Harbor Homes 

The
Marlows contend the trial court erred in referring Curtis=s
claims against Palm Harbor to binding arbitration because Palm Harbor was not a
party to the Retail Installment Contract. 
However, as the manufacturer of the home, which is the subject of the
Retail Installment Contract, Palm Harbor is entitled to the benefits of the
arbitration agreement.  See Palm
Harbor Homes, Inc. v. McCoy, 944 S.W.2d 716, 721 n.5 (Tex. App.CFort Worth 1997, orig. proceeding) (recognizing that even though the home
manufacturer was not a signatory to the contract, Athe
agreement >inures to the benefit of, and is intended to be for the benefit
of, the manufacturer of the home=@).  In addition, when Palm Harbor voluntarily
elected to participate in the arbitration, the Marlows did not object until
after the arbitrator=s first award in Palm Harbor=s favor.  The Marlows=
objection was not timely.  See Massey
v. Galvan, 822 S.W.2d 309, 316 (Tex. App.CHouston [14th Dist.]
1992, writ denied) (noting that an attempt to revoke an arbitration agreement
after arbitrator makes a preliminary award is ineffective).       

Evidentiary
Hearing 








The
Marlows next claim the trial court erred in failing to conduct a formal
evidentiary hearing because there are disputed fact issues regarding the
validity of the arbitration agreement.  A
trial court may summarily decide whether to compel arbitration on the basis of
affidavits, pleadings, discovery and stipulations.  Valero Energy Corp. v. Teco Pipeline Co.,
2 S.W.3d 576, 581 (Tex.
App.CHouston [14th Dist.] 1999, no pet.).  If the
material facts necessary to determine the issue are controverted, by an
opposing affidavit or otherwise admissible evidence, the trial court must
conduct an evidentiary hearing to determine the disputed facts.  Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 269 (Tex. 1992).  The record
shows the trial court conducted a hearing, at which the Marlows were both
present and fully participated.  The
trial court received a copy of the contract and heard argument from all
parties.  Nothing in the record suggests
the Marlows ever objected to the trial court=s proceedings, nor have they demonstrated what, if any,
evidence they were prevented from presenting during this hearing.  

Enforceability


Finally,
the Marlows claim the arbitration agreement is unenforceable because it is
unconscionable and was obtained by fraud. 
The Marlows claim the manner in which Curtis Marlow was induced to sign
the contract, which includes the arbitration clause, was fraudulent and
unconscionable.  However, to defeat
binding arbitration, the defenses of fraudulent inducement and
unconscionability must specifically relate to the arbitration clause itself and
not to the entire agreement.  See
First Merit Bank, N.A., 52 S.W.3d at 749. 
Defenses that pertain to the entire contract can be arbitrated.  Id. 
The claims the Marlows assert concern fraud and unconscionability as to
the entire agreement.  Because the
Marlows fail to assert that their defenses relate to the arbitration clause
itself, the trial court did not err in ordering Curtis=s
claims to binding arbitration.   

Finally,
the Marlows claim the trial court erred by requiring Sylvia Marlow to submit
her claims to the limited-purpose binding arbitration.  However, the trial court=s
October 18 order required only Curtis=s claims to be arbitrated. 
To the extent the Marlows complain about the inclusion of Sylvia=s
claims in the final arbitration award and judgment confirming that award, we
address that complaint below.  The
Marlows=
first and second issues are overruled.

 

 








The
Final Award

In
their third and fourth issues, the Marlows claim the trial court should have
vacated the award because the arbitrator exhibited evident partiality in favor
of the appellees and exceeded his power by correcting the award to include
Sylvia Marlow.  

We
review de novo a trial court=s order denying a motion to vacate.  See McIlroy v. PaineWebber, Inc., 989
F.2d 817, 819 (5th Cir. 1993).  Under section 171.088 of the TGAA,[2]
a trial court shall vacate an award only if (1) the award was procured by
fraud, corruption, or other undue means; (2) there was evident partiality,
corruption, or willful misconduct by the arbitrator that prejudiced the rights
of a party; (3) the arbitrator exceeded his power; (4) the arbitrator refused
to postpone the hearing on good cause shown, or refused to hear evidence material
to the controversy; or (5) there was no valid arbitration agreement, and the
issue was not adversely determined in proceedings to stay the arbitration and
the complaining party did not participate in the arbitration without raising
the objection.  See Tex. Civ. Prac. & Rem. Code Ann. ' 171.088; see also Holk v. Biard,
920 S.W.2d 803, 806-07 (Tex. App.CTexarkana 1996, mand. motion
overruled).  A party seeking to vacate an award on the
basis of evident partiality must prove the existence of facts that would
establish a reasonable impression of the arbitrator=s
partiality to one party.  Babcock
& Wilcox Co. v. PMAC, Ltd., 863 S.W.2d 225, 233 (Tex. App.CHouston [14th Dist.] 1993, writ denied).  A
neutral arbitrator selected by the parties exhibits evident partiality if the
arbitrator does not disclose facts, which might, to an objective observer,
create a reasonable impression of the arbitrator=s partiality.  See
Burlington Northern Railroad Corp. v. TUCO, Inc., 960 S.W.2d 629, 636B37
(Tex. 1997) (recognizing failure to disclose a financial, familial or a close
relationship with a party may show evident partiality).  








In
this case, the arbitrator was selected by the trial court and approved by the
parties without objection, and no evidence exists that the arbitrator failed to
disclose an inappropriate connection to appellees.  Rather, the Marlows claim the arbitrator=s
refusal to hear additional witnesses following two days of testimony indicates
a bias toward appellees.  However, the
mere exclusion of evidence, without more, does not demonstrate partiality.  An arbitrator is not bound to hear all the
evidence tendered by the parties as long as he gives each of the parties an
adequate opportunity to present evidence and arguments.  Babcock, 863 S.W.2d at 234.  Further, because we have no record of the
first arbitration in which the Marlows claim the arbitrator exhibited evident
partiality against them, they have failed to prove the existence of facts that
would establish a reasonable impression of the arbitrator=s
partiality.  See id. at 233.








The
Marlows further allege that the arbitrator exhibited evident partiality and
exceeded his authority when he modified the final award to include Sylvia
Marlow=s
claims.  The arbitrator=s
award initially disposed of only Curtis Marlow=s claims.  At the request
of appellees, the arbitrator corrected his final award to include language that
Sylvia Marlow take nothing.  See Tex. Civ. Prac. & Rem. Code Ann. '
171.054 (Vernon Supp. 2002) (granting an arbitrator authority to modify or
correct an award in order to clarify the award). Sylvia Marlow claims she was
never allowed to present any evidence of her claims to a judge, jury, or
arbitrator.  To the contrary, the record
shows that Sylvia Marlow participated in the trial court=s
hearing to determine the validity of the arbitration agreement, testified and
participated in the first arbitration, and was represented by counsel in the
second arbitration hearing.  Moreover,
Sylvia Marlow=s claims relate to and arise out of the Retail Installment
Contract.  When a non-signatory=s
claims arise out of an agreement containing an arbitration clause and the
non-signatory would have no claim in the absence of the underlying agreement,
the arbitration clause is enforceable against the non-signatory.  See Valero, 2 S.W.3d at 593; In re
Educ. Mgmt. Corp., 14 S.W.3d at 424-25. 
Because we find Sylvia Marlow=s claims are based on the same operative facts and are
inherently inseparable from the claims of Curtis Marlow, Sylvia Marlow was a
proper party to the arbitration.  Valero,
2 S.W.3d at 593.  Accordingly, the
arbitrator did not exceed the scope of his authority in correcting the award. 

Finally,
the Marlows argue the trial court erred in entering judgment against Curtis and
Sylvia Marlow for the same reasons they claim the court erred in submitting
Curtis=s
claims to binding arbitration.  We have
already addressed these issues and find no error in the trial court=s
entry of judgment on the arbitration award. 


Accordingly,
we overrule the Marlows= third and fourth issues.

The
judgment of the trial court is affirmed. 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

Judgment rendered and Opinion filed August
29, 2002.

Panel consists of Justices Yates, Seymore,
and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 











[1]  Appellees
filed a joint motion for reconsideration of the trial court=s order vacating the arbitrator=s award and granting a new trial and alternatively a
joint motion to remand the case to the arbitrator for the limited purpose of
hearing additional witnesses pursuant to '
171.089(b) of the Texas Civil Practice and Remedies Code.





[2]  In their
discussion of the standards for vacating an award, the parties cite only the
TGAA and not the FAA.  We therefore
assume without deciding that the Texas act governs.