COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-314-CV

BANC OF AMERICA INVESTMENT      APPELLANTS

SERVICES, INC., MICHAEL DEGOLIER, 

AND TERRY JOHNSON 

V.

REBECCA DIANE LANCASTER AND APPELLEES

CAROL DENISE LUCKY, INDEPENDENT 

CO-EXECUTRIXES OF THE ESTATE OF 

MARIE LANCASTER, DECEASED 

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In one issue, Appellants Banc of America Investment Services, Inc., (“BAISI”), Michael Degolier, and Terry Johnson (we refer to the three appellants collectively as the “Brokers”) assert that the trial court erred by refusing to confirm the portion of an arbitration award granting costs and expenses to the Brokers.  Because the Federal Arbitration Act (“FAA”) does not provide for, nor prohibit, the awarding of attorney’s fees as costs and expenses, and because we are required to give almost total deference to an arbitration award, we are constrained to reverse and render.  

II.  Factual and Procedural Background

This is the case of an arbitration award of costs and expenses incurred in securing a hearing before the arbitration panel.  Marie Lancaster invested in securities through BAISI.  After seeing the value of her investments decline sharply, she alleged that she demanded certain action be taken, which, according to her, was refused for a “good length of time.”  Each time Lancaster opened one of her three accounts, she signed an agreement that compelled her to arbitrate disputes with BAISI, but did not require BAISI to arbitrate such disputes.  Based on a lack of mutuality compelling BAISI to arbitrate such disputes, Lancaster filed suit against BAISI and certain of its representatives.  The Brokers then filed a petition for writ of mandamus, and after this court issued a conditional writ of mandamus, the trial court ordered the case to arbitration in accordance with the “contract” of the parties.  At the insistence of BAISI, the dispute was arbitrated under the rules promulgated by the National Association of Securities Dealers (“NASD”), and by a panel of three arbitrators appointed by NASD Dispute Resolution.

Lancaster died before the arbitration hearing, and she was succeeded by her daughters Rebecca Diane Lancaster and Carol Denis Lucky, Independent Co-Executrixes of the Estate of Marie Lancaster, Deceased (the “Executrixes”). 

The arbitration panel’s award denied the relief sought by both sides but awarded $14,310.24 to the Brokers for costs and expenses incurred by them in securing a hearing of the claims before the arbitration panel.  This portion of the arbitrator’s award was not confirmed by the trial court.  This appeal followed.

A.  The Arbitration Agreements

When Lancaster originally opened her account, she signed two account agreements containing mandatory arbitration provisions.  One was in a Brokerage Account Application and Customer Agreement.  The other was in an IRA Application and Customer Agreement.  When she moved her account from Austin to Fort Worth, Lancaster signed a third account agreement containing a mandatory arbitration provision.  This was in a Money Account Application and Customer Agreement.  Throughout the pendency of this case, Lancaster denied the enforceability of these agreements.  Attorney’s fees are not mentioned in connection with the arbitration in any of the three documents signed by Lancaster.

B.  The Proceedings Below

Lancaster filed suit alleging causes of action for violation of the DTPA, the Texas Securities Act, and breach of fiduciary duty.

The Brokers initially responded with a motion to compel arbitration and to stay all proceedings, and an original answer.  They filed a business records affidavit proving up the arbitration agreements and citing the language in the agreements signed when Lancaster opened her three investment accounts with BAISI, requiring her to arbitrate in accordance with NASD by laws and the NASD Code of Arbitration Procedure.  On June 18, 2004, the trial court held a hearing on the Brokers’ motion.  However, during the next five months, the trial court did not rule on the Brokers’ pending motion.  The trial court first ordered the parties to mediation in lieu of ruling.  The Brokers sought relief from the trial court’s failure to rule on the pending motion by filing an appeal and mandamus petition in this court.
(footnote: 2)  They were unsuccessful, and the parties mediated but did not settle.

The trial court then ordered that the parties take Lancaster’s deposition in lieu of ruling on the Brokers’ pending motion to compel arbitration.  The Brokers again sought mandamus relief from the trial court’s failure to rule on the pending motion, which was granted.
(footnote: 3)  This court did not stop the taking of the deposition, but it did give the trial court fifteen days to rule on the pending motion to compel arbitration.  Subsequently, the trial court signed an order compelling arbitration and staying all proceedings in accordance with the FAA. 
See 
9 U.S.C.A. §§ 1-16 (West 1999). 

C.  Death of Lancaster and the Substitution of Executrixes

Although arbitration was compelled in November 2004, Lancaster did not take further action until March 8, 2005, when she filed her arbitration request with the NASD.  The trial court’s order compelling arbitration ordered the parties to arbitrate in accordance with the contract language (meaning the NASD Code of Arbitration Procedure).  In connection with this filing, Lancaster signed an NASD Arbitration Uniform Submission Agreement agreeing to “submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related counterclaims and/or third-party claims which may be asserted, to arbitration. . . .” 

Two months later, notice was received that Lancaster had died.  All three contracts Lancaster had signed bound not only her but also her heirs, executors, and administrators, so upon her death, substitution of her estate’s representative was required.  Accordingly, notice was given that the Executrixes would substitute as the claimants.

D.  Arbitration and Confirmation

The arbitration was held, and the NASD Dispute Resolution Award was as follows: (1) the Executrixes should take nothing on their claims, which were dismissed with prejudice, (2) the Brokers should recover $14,310.24 in “costs and expenses,”
(footnote: 4) (3) all remaining costs of arbitration, including attorney’s fees, were to be borne by the party incurring them, (4) the individual Brokers’ records in the NASD’s Central Registration Depository (CRD) would not be expunged, and (5) all other relief not expressly addressed in the award would be denied.

At the hearing to confirm the arbitration award, the Brokers asked that the award be confirmed in all respects, while the Executrixes did not ask that the award be confirmed or vacated.  Instead, they asked that a judgment be entered that all parties take nothing.  The trial court asked if he could pick and choose among the elements of the arbitration award in deciding what to do, and the Executrixes’ lawyer said he could.  The Brokers’ lawyer said he could not.  The trial court entered a final judgment in accordance with items 1, 3, and 5 in the award.  The final judgment did not mention the Brokers’ request for expunction
(footnote: 5) or the award of $14,310.24 in “costs and expenses.”  

The Brokers have appealed to this court to ask that we reverse the final judgment that was entered and confirm the arbitration award in its entirety.

III.  Award of Attorney’s Fees

In one issue, the Brokers assert that the trial court’s failure to confirm their award of costs and expenses
(footnote: 6) was error because none of the limited grounds for failing to confirm the award were met by the Executrixes.  We agree.    

A.  Standard of Review

The court’s standard of review of the trial court’s decision is de novo.  
McIlroy v. PaineWebber, Inc
., 989 F.2d 817, 819-20 (5th Cir. 1993).  This de novo standard is intended to give this court full power to give strong deference to the award.

In two recent cases, the Fifth Circuit has discussed the application of the de novo standard of review to be applied when a party dissatisfied with an arbitration award sought vacatur of the award.  
See Brabham v. A.G. Edwards & Sons, Inc.
, 376 F.3d 377 (5th Cir. 2004); 
Action Indus., Inc. v. U.S. Fid. & Guar. Co.
, 358 F.3d 337 (5th Cir. 2004).  

In 
Brabham
, the plaintiff sued his brokerage firm in court, and the firm successfully moved to compel arbitration before the NASD.  The plaintiff was dissatisfied with the size of the award and sought vacatur from the district court.  The district court vacated the award and the Fifth Circuit reversed, pointing out the standard of review afforded to arbitration awards:

We review de novo an order vacating an arbitration award.  
Brook v. Peak Int’l, Ltd.
, 294 F.3d 668, 672 (5th Cir. 2002).  Our review of the award itself, however, is exceedingly deferential.  
See Glover v. IBP., Inc
., 334 F.3d 471, 473 (5th Cir. 2003).  We can permit vacatur of an arbitration award only on very narrow grounds, 
see id. 
at 473-74.

Brabham
, 376 F.3d at 380.  Later in the opinion, the grounds for vacatur were further explained:

Because we must remain exceedingly deferential to arbitration, we can permit vacatur of an award only on very narrow grounds.  
See Glover
, 334 F.3d at 473-74.  Multiplying the grounds for vacatur would be inconsistent with the deference we must accord an arbitrator’s decisions, 
see id. 
at 473.  Therefore, courts should carve out new grounds for vacatur reluctantly and carefully.  
See Westerbeke Corp. v. Daiharsu Motor Co.
, 304 F.3d 200, 222 (2d Cir. 2002).

We see no compelling reason to recognize arbitrariness and capriciousness as an independent nonstatutory ground for vacatur.  Our established rules of deference foreclose all but the most limited review.  Arbitrators need not give reasons for their awards.  
McIlroy
, 989 F.2d at 821.  Even when arbitrators do provide a rationale for their awards, courts may not review that reasoning.  
See Anderman/Smith
, 918 F.2d at 1219 n.3.  Uncertainty about arbitrators’ reasoning cannot justify vacatur, for a court must resolve all doubts in favor of arbitration.  
See Action Inds., Inc. v. U.S. Fid. & Guar. Co.
, 358 F.3d 337, 343 (5th Cir. 2004).  Given these constraints, judicial review of an award’s rationality must be confined to situations in which the party challenging the award can prove that clearly applicable law or the parties’ contract indisputably dictates a contrary result.

Id.
 at 385.

In 
Brabham
, the court did recognize a nonstatutory ground for vacatur of an arbitration award—“manifest disregard” of the law.  Manifest disregard “means more than error or misunderstanding with respect to the law.”  
Id. 
at 381.  The arbitrators must have “appreciated the existence of a clearly governing principle but decided to ignore or pay no attention to it.”  
Id
. at 381-82.  Finally, “the governing law ignored by the arbitrators must be well defined, explicit, and clearly applicable.”  
Id
. at 382.

In 
Action Industries
, the Fifth Circuit addressed the issue of whether state or federal standards for vacatur of arbitration awards should be applied.  In that case, the parties seeking vacatur asked the trial court to apply broader standards of vacatur available under the Tennessee Uniform Arbitration Act, rather than the more narrow grounds available under the FAA.  Rejecting application of the broader Tennessee standards, the Fifth Circuit held that “FAA rules apply absent clear and unambiguous contractual language to the contrary.”  
Action Indus
., 358 F.3d at 341 (citing 
Mastrobuono v. Shearson Lehman Hutton, Inc
.
, 514 U.S. 52, 59, 115 S. Ct. 1212, 1217 (1995)).

Action Industries 
also explained the limitations of vacatur under 9 U.S.C.A. § 10(a)(4) (where the arbitrators “exceeded their power”).  The court held,

Limitations on the arbitrators’ scope of power must be clear and unambiguous or else they will be construed narrowly.  
See Mastrobuono v. Shearson Lehman Hutton
, 514 U.S. 52, 62, 115 S. Ct. 1212, 131 L.Ed. 2d 76 (1995).  A reviewing court examining whether arbitrators exceeded their powers “must resolve all doubts in favor of arbitration.”  
Brook v. Peak Int’l, Ltd.
, 194 F.3d 668, 672 (5th Cir. 2002).

Id.
 at 343.

B.  The Award in Question

After considering the pleadings, the testimony, and evidence presented at the hearing, the arbitration panel decided the issues submitted for determination, in part, as follows:

1. The Panel finds no recoverable injury on the part of the Respondents, and the Claimant’s estate shall take nothing on its claims.  The claims are dismissed with prejudice and denied in their entirety.

2. The Panel finds that Respondents incurred substantial expense in assuring that the matter be heard in the forum which was agreed upon contractually.  Therefore, Claimants Rebecca Diane Lancaster and Carol Denise (Lancaster) Lucky, Independent Co-Executrixes of the Estate of Marie Lancaster, Deceased, are jointly and severally liable for and shall pay to the Respondents, Banc of America Investment Services, Inc., Michael Dennis Degolier and Terry Wayne Johnson, the sum of $14,310.24 as partial compensation for costs and expenses incurred in the defense of the claims made, particularly in relation to the expenses of securing hearing of the claims in the forum contractually agreed upon.

3. All remaining costs of arbitration, including any attorney’s fees, shall be borne by the party incurring that cost, unless specifically enumerated in this decision.  

Hence, the arbitration panel awarded the Brokers a portion of the attorney’s fees incurred in getting the claim out of state court and before the arbitration panel, that is, “securing hearing of the claims” in the arbitration setting.
 

C.  The Confirmation Hearing

At the confirmation hearing, the Executrixes presented no witnesses, nor did they present the arbitration proceeding record.  However, they did present two exhibits.  Exhibit 1 was an authenticated copy of the arbitration award.  Exhibit 2 was a notice to creditors filed in a probate court proceeding.  

D. The Applicable Law 

The Brokers assert that because the arbitration was governed by the FAA, the court must confirm the award “unless it is vacated, modified or corrected on the limited grounds permitted under sections 10 and 11 of the FAA.”
 
 
See 
9 U.S.C.A. §§ 10, 11.  Section 10 indicates that the award may be vacated where (1) it was procured by corruption, fraud, or undue means, (2) there existed evident partiality or corruption in the arbitrators, (3) the arbitrators were guilty of misconduct in specified areas, or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a neutral, final, and definite award was not made.  
Id.
 § 10.  Additionally, section 11 of the act deals with corrections of an arbitration award due to an  “evident material miscalculation of figures.”  
Id.
 § 11(a).  

The Executrixes first respond that the FAA is inapplicable to the arbitration in this matter.  However, the court, in its order compelling arbitration, found that the case was covered by the FAA, and an examination of the record does not reveal that this finding by the court was challenged; hence, the complaint in this regard has been waived.

An examination of the FAA reveals that 9 U.S.C.A. § 2 does not mention the award of attorney’s fees.  9 U.S.C.A. § 2.  Therefore, while the FAA makes no provision for the awarding of attorney’s fees, it also does not prohibit the awarding of attorney’s fees.  Because neither party has challenged the trial court’s decision that the FAA applies, we need not turn to the Texas Arbitration Act or common law.  Of the four vacatur grounds enumerated in the FAA, only the fourth one—whether the arbitration panel exceeded its powers—is presented in this case.  
See id.
 § 10(4).    

E. Whether the Arbitration Panel Exceeded Its Powers 

The Texas Supreme Court has stated that the “authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication.”  
Gulf Oil Corp. v. Guidry
, 160 Tex. 139, 143, 327 S.W.2d 406, 408 (1959).  Arbitrators therefore exceed their powers when they decide matters not properly before them.  
Barsness v. Scott
, 126 S.W.3d 232, 241 (Tex. App.—San Antonio 2003, pet. denied).  A mistake of fact or law in the application of substantive law is insufficient to vacate an arbitration award.  
Vernon E. Faulconer, Inc. v. HFI, Ltd. P’ship
, 970 S.W.2d 36, 39 (Tex. App.—Tyler 1998, no pet.).     

The Executrixes first assert that the arbitration panel exceeded its authority by making an award against them in their representative capacities.  The sum of the Executrixes’ argument is that any award should have been against the Estate of Marie Lancaster.  However, a decedent’s estate is not a legal entity and may not properly sue or be sued as such.  
Austin Nursing Ctr., Inc. v. Lovato
, 171 S.W.3d 845, 849 (Tex. 2005).  Moreover, a suit seeking to establish the decedent’s liability on a claim and subject property of the estate to its payment should ordinarily be instituted against the personal representatives.  
Price v. Estate of Anderson
, 522 S.W.2d 690, 691 (Tex. 1975).  Hence, we hold the award of attorney’s fees was properly against the Executrixes in their representative capacities.            

The Executrixes next argue that because the first finding in the award by the arbitration panel found that there was no recoverable injury on the part of the Brokers, the Brokers could not then be awarded attorney’s fees based on no recoverable injury.  Returning to the exact language of the award, we conclude that it is apparent that the $14,310.24 was awarded to partially compensate the Brokers for defending the claims and “particularly in relation to the expenses of securing hearing of the claims in the forum contractually agreed upon,” to wit, the arbitration panel.  In this regard, the Executrixes point to the Brokers’ motion to confirm the arbitration panel’s award, where they asserted that the FAA, Texas Arbitration Act, and common law are grounds for affirming the attorney’s fees award.  However, they also point out that the FAA makes no express provisions for an award of attorney’s fees, that the Texas Arbitration Act provides for an award of attorney’s fees only if it is provided for in the agreement to arbitrate or is allowed in a civil case for a pleaded cause of action, and that no common law right to attorney’s fees in this case existed.  Because we have held above that the FAA is applicable and it does not prohibit an award of attorney’s fees, we hold that the arbitration panel did not exceed its authority by awarding the Brokers attorney’s fees incurred by them in securing a hearing of the claims before the arbitration panel.  

Lastly, the Executrixes contend that the arbitration panel exceeded its authority by holding the Executrixes jointly and severally liable to pay the Brokers’ attorney’s fees.  The Executrixes rely on their prior two arguments in support of this contention as well.  Because we have held that the award of attorney’s fees was properly against the Executrixes in their representative capacities and that the arbitration panel did not exceed its authority by awarding the Brokers attorney’s fees, we also hold that the arbitration panel did not exceed its authority by holding the Executrixes jointly and severally liable in their representative capacities to pay the Brokers’ attorney’s fees.

As discussed above, the arbitration agreements, like the FAA, do not mention the award of attorney’s fees.  But again, the agreements do not expressly prohibit such an award either.  We therefore hold that the Executrixes failed to show that the arbitration panel exceeded its authority by deciding a matter not properly before it and awarding attorney’s fees to the Brokers.       
F. Manifest Disregard of the Law 
 

The remaining question presented to us is whether the inherent presumption that the arbitration panel’s award was appropriate is overridden by the apparent absence of authority in the FAA to award attorney’s fees, that is, did a manifest disregard of the law occur?  The party seeking to vacate an arbitration award bears the burden of demonstrating that the arbitration panel acted in manifest disregard of the law.
  
Pheng Invs., Inc. v. Rodriquez
, 196 S.W.3d 322, 331 (Tex. App.—Fort Worth 2006, no pet.).    

Thus, the Executrixes were required to show that the arbitration panel appreciated the existence of some governing law disallowing the awarding of attorney’s fees, but decided to ignore or pay no attention to it. 
 See Brabham
, 376 F.3d at 381-82.  However, the Executrixes cannot meet this burden because they failed to file any record of the arbitration proceedings at the confirmation hearing.  Without such a record, we are unable to ascertain what, if any, applicable law was presented to the arbitration panel that would have prohibited them from awarding the Brokers attorney’s fees.  In other words, we cannot determine whether the arbitration panel manifestly disregarded the law in awarding the Brokers attorney’s fees because we do not have a record of the proceedings before the arbitration panel.

Because the Executrixes failed to meet their burden of demonstrating that the arbitration panel acted in manifest disregard of the law, we are constrained to hold that the trial court erred by refusing to confirm the portion of the arbitration award granting attorney’s fees in the form of “costs and expenses” to the Brokers.  Our holding should in no way be read to mean that we agree with the decision of the arbitration panel to award the Brokers attorney’s fees.  Accordingly, we sustain the Brokers’ sole issue.

IV. Conclusion

Having sustained the Brokers’ sole issue, we reverse the trial court’s judgment and render the award of $14,310.24 for “costs and expenses” as set out in the arbitration award.  
See 
Tex. R. App. P.
 43.2(c).       

BOB MCCOY

JUSTICE

PANEL B: LIVINGSTON, WALKER, and MCCOY, JJ.

LIVINGSTON, J. concurs without opinion.

DELIVERED: August 31, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Banc of Am. Inv. Servs., Inc. v. Lancaster
, No. 2-04-223-CV, 
2004 WL 1879597 
(Tex. App.—Fort Worth Aug. 24, 2004, no pet.) (mem. op.); 
In re Banc of Am. Inv. Servs., Inc.
, 
No. 2-04-229-CV
,  2004 WL 1690245 (Tex. App.—Fort Worth July 23, 2004, orig. proceeding) (mem. op.).    
  

3:
In re Banc of Am. Inv. Servs., Inc.
, 
No. 2-04-272-CV, 
2004 WL 2416561 (Tex. App.—Fort Worth Oct. 28, 2004, orig. proceeding) (mem. op.). 

4:
This portion of the award will be discussed in greater detail later in this opinion.  

5:
The Brokers’ expunction request is not an issue presented in this appeal.

6:
Although the Brokers were careful to follow the language of the arbitration award and to dispute the trial court’s failure to confirm “costs and expenses,” it is clear from the context that this was really an award of attorney’s fees related to cost of moving the proceedings to arbitration.  Accordingly, we requested post-submission briefing relating to an award of attorney’s fees.