**Thomas McDowell BRABHAM, Thomas McDowell Brabham, as custodian of the account of Thomas McDowell Brabham, III, a minor, and Thomas McDowell Brabham as custodian of the account of Erika Laine Brabham, a minor, Plaintiffs,**

v.

**A.G. EDWARDS & SONS, INC. and John A. McLeod, IV, Defendants.**

**No. CIV.A. 2:98-CV-280PG.**

United States District Court, S.D. Mississippi, Hattiesburg Division.

May 30, 2003.

---

Ralph E. Chapman, Dana J. Swan, Chapman, Lewis & Swan, Clarksdale, MS, W. Wayne Drinkwater, Jr., Bradley, Arant, Rose & White, LLP, Jackson, MS, for Thomas McDowell Brabham, Individually and as Custodian of The Account of Thom-

as McDowell Brabham, III, A Minor and Erika Laine Brabham, A Minor.

Dorrance Aultman, Aultman, Tyner, Ruffin & Yarborough, Ltd, Kim Turner Chaze, Kim T. Chaze, Attorney, Hattiesburg, MS, for A.G. Edwards & Sons, Incorporated, John A. McLeod, IV.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

Pending before this Court is Plaintiff's Motion to Vacate Award of Arbitrators and Defendants' Motion to Affirm Arbitrators' Award. The Court, having reviewed the motions and being otherwise fully advised in the premises, finds as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

Previously this Court granted Defendants' Motion to Compel Arbitration. Being dissatisfied with the award of the arbitrators, Plaintiff filed a Motion to Vacate the Award. Defendants filed a Motion to Affirm the Arbitrators' Award.

The cause of action arose out of a claim by Plaintiff Thomas McDowell Brabham against his investment broker, A.G. Edwards & Sons and one of its brokers. Brabham alleged that the broker mismanaged his accounts and that Edwards was negligent in hiring and supervising the broker. As a result, Brabham alleges that his investment portfolio did not perform as well as it should have performed. In 1996, Brabham transferred $1,744,322.75 to accounts with Edwards. In 1998, after becoming dissatisfied with the Defendant's services, Brabham transferred $1,816,760.94 out of his Edward's accounts and into accounts with a new broker. According to Brabham, the stock market reached unprecedented heights during the time his money was managed by Edwards and he should have received a much larger return.

At the arbitration proceeding, Plaintiff's expert witness, Dr. Charles Dennis, calculated the gains that Brabham would have realized if Brabham's money had been invested according to the Dow Jones Industrial Average, Standard & Poor's 500 Index, or the Vanguard 500 Index Fund. Dr. Dennis testified that Brabham's damages ranged from $529,711.34 to $867,009.20. The Defendants' expert testified that Defendants did nothing wrong and that Brabham suffered no damages. The panel awarded damages to Brabham in the amount of $124,809.64.

### POSITIONS OF THE PARTIES

Plaintiff argues that the arbitration award should be vacated because the arbitrators manifestly disregarded the law concerning the methodology that should have been utilized to calculate Brabham's damages. Specifically, Plaintiff argues that the arbitrators in arriving at a figure for damages did not use market indices, as approved by the Fifth Circuit in *Miley v. Oppenheimer & Co., Inc.* 637 F.2d 318, 327–28 (5th Cir.1981). Brabham argues that this manifest disregard resulted in a significant injustice. Alternatively, Brabham argues that the arbitration award was arbitrary and capricious because it was not based on fact, i.e. it was not based on evidence presented at the arbitration proceeding.

Defendants argue that the Fifth Circuit has not adopted either the manifest disregard or arbitrary and capricious standards of review of arbitrators' awards. Defendant argues that an arbitration award should be vacated only for reasons set forth in § 10 of the Federal Arbitration Act (FAA), 9 U.S.C. § 10(a), and that Brabham has not established any of the grounds listed in § 10. Alternatively, Defendant argues that based on the record it is rational to conclude that the panel rejected Dr. Dennis' method for calculating

damages and the damages award should be upheld.

## STANDARD OF REVIEW

■ When a party has agreed to arbitrate, the party can ask a court to review the arbitrator's decision, "but the court will set that decision aside only in very unusual circumstances." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 942, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). The Supreme Court has instructed that "the court should give considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances." *Id.* at 943, 115 S.Ct. 1920. The party moving to vacate an arbitration award under the FAA has the burden of proof. *Trans Chemical Ltd. v. China Nat'l Machinery Import & Export Corp.,* 161 F.3d 314, 319 (5th Cir.1998) *adopting Matter of Arbitration Between: Trans Chemical Ltd. & China National Machinery Import & Export Corp.,* 978 F.Supp. 266, 303 (S.D.Tex.1997); *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.,* 103 F.3d 9, 12 (2d Cir.1997).

In *Safeway Stores v. American Bakery and Confectionery Workers, Local 111,* 390 F.2d 79, 82 (5th Cir.1968), the Court wrote: "there is a role, albeit a very restrictive one, for court review in [arbitration] post-award proceedings." The Court then cited *International Ass'n of Machinists v. Hayes Corp.,* 296 F.2d 238, 242–43, (5th Cir.1961), wherein the Court held that "[t]o compel arbitration in the first instance is not to approve carte blanche in advance any decision which might be reached. The arbitrator is not a free agent dispensing his own brand of industrial justice. And if the award is *arbitrary, capricious* or not adequately grounded in the basic collective bargaining contract, it will not be enforced by the courts." (emphasis added).

■ Without question, in view of the Supreme Court decision in *First Options* and subsequent decisions of the Fifth Circuit, arbitration awards are subject to more scrutiny and arbitrators are more accountable, than previously. Nevertheless, an arbitration award rendered under the federal policy determined by the FAA is still entitled to considerable deference and is to be vacated only under the narrow grounds for vacature as delineated by the Supreme Court and Fifth Circuit.

## ANALYSIS

Contrary to Defendant's argument, the Fifth Circuit has recognized the application of both the manifest disregard and arbitrary and capricious standards of review of arbitration awards, even for non-statutory claims. At one time, review of arbitration awards was strictly limited to causes of action listed under section 10 of the Arbitration Act. *See McIlroy v. Paine-Webber, Inc.,* 989 F.2d 817, 820 (5th Cir. 1993). Section 10(a) provides that a district court may vacate an award:

(1) Where the award was procured by corruption, fraud or undue means.

(2) Where there was evident partiality or corruption in the arbitrators...

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing ... or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made.

After *McIlroy,* but before the Supreme Court decided *First Options,* subsequent panels of the Fifth Circuit recognized at least three nonstatutory grounds for vaca-

tur of arbitration awards: (1) an award contrary to public policy; (2) an arbitrary and capricious award; and (3) an award that fails to draw its essence from the underlying contract. *Williams*, 197 F.3d at 758. Following the Supreme Court's decision in *First Options*, the Fifth Circuit also recognized "clear approval of the 'manifest disregard' of the law standard in review of arbitration awards under the FAA." *Id.* at 759; *but see Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir.2002) (restating in dicta the *McIlroy* standard that section 10 of the FAA "provides 'the only grounds upon which a reviewing court may vacate an arbitrative award.'")

As reflected in conflicting district court opinions, it is somewhat debatable whether the manifest disregard standard applies to all causes of action brought subject to the FAA, as held in *Blanchard & Co., Inc. v. Heritage Capital Corp.*, 2000 WL 1281205 (N.D.Tex.2000), or only to cases involving federal employment rights statutes as held in *Broadscape.com, Inc. v. KDS USA, Inc.*, 2001 WL 1063895 (E.D.La.2001).

However, in *Williams*, the Fifth Circuit held that the Supreme Court approved manifest disregard of the law as a standard of review for arbitration awards under the FAA and indicated no specific limitation. Although Williams involved an employment case, the Fifth Circuit did not restrict such review only to employment cases. Many of the cases cited with approval by the Fifth Circuit in the *Williams* case involved similar claims as those presented by Brabham. *See Williams*, 197 F.3d at 759 *citing Barnes v. Logan*, 122 F.3d 820 (9th Cir.1997) (mismanagement of account by a registered securities representative); *Remmey v. PaineWebber, Inc.*, 32 F.3d 143 (4th Cir.1994)("churning" of account by excessive and unnecessary trading); *Advest, Inc. v. McCarthy*, 914 F.2d 6 (1st Cir.1990) (assets wrongfully liquidated by brokerage house). As fur-

ther evidence of the Fifth Circuit's intent, Judge Dennis, who wrote the majority opinion in *Williams*, submitted a concurring opinion in *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469 (5th Cir.2002), citing with approval the manifest disregard standard of review in an action where a borrower sued a lender for breach of contract-a commercial rather than an employment claim. Judge Dennis reiterated that "the grounds on which this Court will vacate a decision of an arbitrator [are]: (1) the award is contrary to public policy, (2) the award is arbitrary and capricious, (3) the award fails to draw its essence from the underlying contract, and (4) the award is in manifest disregard of the law." 304 F.3d at 473 (citing *Williams*, 197 F.3d at 758, 761–62).

Even before *First Options*, the Fifth Circuit in effect stated an "arbitrary and capricious" standard of review in *Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210 (5th Cir.1993). In that case, the Court stated that "[a]rbitrators need not provide reasons for their award," and went on to hold that "[i]f the award is rationally inferable from the facts before the arbitrator, we must affirm the award." *Id.* at 214 (citations omitted). In a similar fashion, the Eleventh Circuit, which has unequivocally adopted the arbitrary and capricious standard of review, held that "[a]n award is arbitrary and capricious only if 'a ground for the arbitrator's decision cannot be inferred from the facts of the case.'" *Ainsworth v. Skurnick*, 960 F.2d 939 (11th Cir.1992).

■ This Court concludes that the Fifth Circuit has recognized "manifest disregard" and "arbitrary and capricious" standards of review for review of any and all arbitration awards, not just statutory claims. However, outside of the collective bargaining context, the Fifth Circuit has provided little guidance on the mechanics

of the arbitrary and capricious standard for reviewing arbitration awards.

As indicated, the Fifth Circuit has developed two separate lines of cases-one discussing a "manifest disregard of the law," and the other discussing an "arbitrary and capricious" standard of review. Apparently, the Fifth Circuit uses the term "manifest disregard" in situations where the arbitrators failed to apply controlling legal principles, while the Fifth Circuit describes an award as "arbitrary and capricious" when the conclusions are not inferable from the facts. This Court sees little difference between the two standards of review. If an arbitration panel renders an award that has no basis in fact then it is "arbitrary and capricious." Such an award would also be in "manifest disregard of the law," because the law requires that an arbitration panel render an award that is based on the facts presented at the arbitration hearing. It would also seem that if arbitrators manifestly disregard the law that such action would also be arbitrary and capricious. Nevertheless, this Court will analyze this case separately as to the "manifest disregard of the law" and "arbitrary and capricious" standards of review.

*Manifest Disregard*

██ Brabham relies on *Miley v. Oppenheimer & Co.*, 637 F.2d 318 (5th Cir.1981). In *Miley*, the Plaintiff sued investment brokers on the theory that they excessively traded her account in an effort to generate fees, i.e. "churning." *Id.* at 324–25. A jury found the investment brokers liable and awarded damages-including recovery for the decline in the value of her portfolio in excess of the average decline in the stock market during the time in which the defendants handled her account. *Id.* at 326. The Fifth Circuit noted that "[i]n order to approximate the trading losses caused by the broker's misconduct, it is necessary to estimate how the investor's portfolio would have fared in the absence

of [] such misconduct." *Id.* at 328. The Court explained its preference for the district court's computation method, which used the average percentage performance in the value of the Dow Jones Industrials or the Standard and Poor's Index during the relevant period as the indicia of how a given portfolio would have performed in the absence of the broker's misconduct. *Id.* The Fifth Circuit emphasized the discretion that is imparted to the district court in choosing the indicia by which an estimation of damages is, to be made and which focuses on the types of securities comprising the plaintiff's portfolio. *Id.*

There is no indication that the calculation method used in *Miley* and urged by Brabham is by any means required as a matter of law. Brabham concedes in his brief that the computation method is permissible but not required. This Court concludes that the arbitrators' failure to apply the Dow Jones Index or Standard and Poor's Index was not in manifest disregard of the law, because those computation methods are not mandatory.

*Arbitrary and Capricious*

██ Brabham relies on the alternative theory that the award was arbitrary and capricious, i.e. the award was not rationally inferable from the facts before the arbitration panel. This argument presents a more complex issue. Brabham's expert, Dr. Dennis, testified that Brabham suffered at least $529,711.34 in damages and perhaps as much as $867,009 in damages. Dr. Dennis relied upon the market indices for calculating damages. On the other hand, Defendants' expert testified that Defendants did nothing wrong and that Brabham was entitled to no damages. The panel ultimately awarded $124,809.60 in damages.

██ Without question an arbitration panel does not have to give reasons for its award. However, when an arbitration

panel gives no reason for its awards and there is no reasonably inferable basis for the award in the record, the award must be vacated. The arbitrators did not explain the basis for their award. The Defendants have offered no explanation for how the award was calculated. This Court has found none.

It is reasonably inferable that the panel rejected the market indices approach as testified to by Brabham's expert, Dr. Dennis. It is also reasonably inferable that the panel concluded that the correct measure of damages should be the difference between what Brabham's account should have earned if it had been invested in accordance with the agreed plan of investment and the actual amount earned. This is also a method approved by the Fifth Circuit in the *Miley* case. However, there are no facts in the record as to which one can draw a reasonable inference as to how the panel reached its conclusion as to a specific damage award. Hence there is no reasonable factual basis in the record to support the award of the arbitrators and the award must be vacated.

■ Plaintiff argues that this Court should establish damages or should order this matter submitted to a new panel of arbitrators, but this Court knows of no case law that would authorize either procedure and Plaintiff has cited no such authority. Plaintiff indicated that he was not happy with the fact that his account was going to be subject to arbitration, nevertheless, he signed the agreement. When Plaintiff signed the account agreement containing an arbitration clause, he severely limited his right to judicial review.

In another case, *Marshall Durbin Poultry Co. v. United Food & Commercial Workers Union, Local 1991,* 2000 WL 33325702 (S.D.Miss.2000), this Court upheld an arbitration award and denied the defendant's motion to vacate. The Fifth Circuit affirmed in part and vacated and remanded in part. In its order of remand, the Fifth Circuit directed this Court to submit the issue of back pay to the arbitrator who had made the original decision. *See Marshall Durbin v. United Food,* No. 00–60597, 2001 WL 563907 (5th Cir. May 15, 2001) (unpublished). *See also Brown v. Rauscher Pierce Refsnes, Inc.,* 994 F.2d 775, 779 (11th Cir.1993) (citing with approval district court's remand to arbitration panel for clarification); *Weinberg v. Silber,* 140 F.Supp.2d 712, 722 (N.D.Tex. 2001) (declining to appoint new arbitrator and remanding to original arbitrator for clarification of award). This Court will follow the above precedents and remand this matter back to the original panel of arbitrators.

If the arbitrators determined that the correct measure of damages is the difference between what Brabham's account would have earned if it had been invested in accordance with the investment plan agreed to by the parties and the amount that the account actually earned, then the arbitrators should allow both sides to present evidence as to damages in accordance with that measure of damages.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Motion to Vacate Award of Arbitrators is granted and Defendants' Motion to Confirm Arbitrators' Award is denied.

IT IS FURTHER ORDERED AND ADJUDGED that this matter is re-referred to the arbitrators in accordance with this Memorandum Opinion and Order.