United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2004

Charles R. Fulbruge III
Clerk

REVISED JULY 16, 2004

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————————

No. 03-60679

——————————————

THOMAS McDOWELL BRABHAM, Individually and as custodian of
the account of Thomas McDowell Brabham III, a minor, and
Erika Laine Brabham, a minor,

Plaintiff-Appellee,

versus

A.G. EDWARDS & SONS INCORPORATED, ET AL.,

Defendants,

A.G. EDWARDS & SONS INCORPORATED,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
--------------------

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

BENAVIDES, Circuit Judge:

This interlocutory appeal requires us to consider when a district court may vacate an arbitration award. Plaintiff-Appellee Thomas Brabham and Defendant-Appellant A.G. Edwards & Sons submitted a dispute to arbitration. The arbitrators awarded damages to Brabham, but he sought to vacate the award as insufficient. The district court refused to vacate the award on the ground that the arbitrators manifestly disregarded the law but did vacate the award as arbitrary and capricious.

We agree with the district court that the arbitrators did not manifestly disregard the law. However, the district court erred in identifying arbitrariness and capriciousness as an independent ground for vacatur and in vacating the award on that ground. Therefore, we reverse the order of vacatur and remand this case to the district court.

## I. Background

In 1996, Thomas Brabham opened several investment accounts, including accounts for his two children, through A.G. Edwards. The broker managing Brabham's account, who was addicted to drugs and alcohol, failed to follow Brabham's instructions, purchased speculative stocks, and made unauthorized trades. Nonetheless, Brabham's accounts were profitable, though not as profitable as Brabham might have hoped given the stock market's meteoric rise during the late 1990s.

After the addiction and mismanagement came to light, Brabham filed a federal suit alleging that A.G. Edwards had negligently hired and failed to supervise the errant broker. A.G. Edwards invoked an arbitration provision in Brabham's investment contract, and the district court compelled arbitration in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C.A. §§ 1-16 (West 1999 & Supp. 2004).

Brabham argued to the three-member arbitration panel that he should receive a damage award commensurate with the gains his

accounts would have earned had the broker invested them in index funds that track the Dow Jones Industrial Average and the Standard and Poor's 500. According to Brabham's expert, this method of damage calculation would yield an award between $529,711.34 and $867,009.20. A.G. Edwards countered that the panel should award no damages because Brabham's accounts had been profitable and because A.G. Edwards had apprised Brabham of the broker's actions through monthly statements. After hearing from several witnesses and reviewing numerous documents, the panel found for Brabham and awarded him $124,809.64 in actual damages. The arbitration panel also ordered A.G. Edwards to pay Brabham $14,356.17 for expenses and to bear the costs of arbitration. The panel did not give reasons for its award.

Dissatisfied, Brabham sought to have the district court vacate the award as arbitrary and capricious and in manifest disregard of the law. *Brabham v. A.G. Edwards & Sons*, 265 F. Supp. 2d 720 (S.D. Miss. 2003). The district court held that Fifth Circuit precedent allows vacatur on either ground. *Id.* at 724-25. Addressing each ground in turn, the court concluded that the arbitration panel did not manifestly disregard the law but found no rational basis for the award and therefore vacated it as arbitrary and capricious. The court then remanded the case to the original arbitration panel for reconsideration of damages. *Id.* at 725-26.

A.G. Edwards then requested permission to seek interlocutory review of the vacatur pursuant to 28 U.S.C. § 1292(b) (West 1993).[1] The district court granted this request, and we granted the petition for interlocutory appeal.[2]

## II. Discussion

We review de novo an order vacating an arbitration award. *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002). Our review of the award itself, however, is exceedingly deferential. *See Glover v. IBP, Inc.*, 334 F.3d 471, 473 (5th Cir. 2003). We can permit vacatur of an arbitration award only on very narrow grounds, *see id.* at 473-74.

---

[1] Section 1292(b) provides for interlocutory review when a district court's non-final order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C.A. § 1292(b).

[2] The district court specified two questions:
> (1) whether the Fifth Circuit has adopted an arbitrary and capricious standard for vacating arbitration awards in all contexts; and
> (2) if so, whether the arbitrary and capricious standard was applied properly in this case, i.e., whether the arbitrators' damages award, which [the district court] found had no factual basis in the record, was arbitrary and capricious.

*Brabham v. A.G. Edwards & Sons*, No. 2:98-CV-280PG (S.D. Miss. July 11, 2003) (order granting permission to pursue interlocutory appeal).

Because § 1292(b) provides for review of an *order* rather than review of a particular *question*, we are not restricted to the questions specified by the district court but "may address any issue fairly included within the certified order." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996). The issue of manifest disregard, which could theoretically provide an alternative basis for affirming the district court's order of vacatur, is fairly included within the certified order. *Cf. Harley-Davidson, Inc. v. Minstar, Inc.*, 41 F.3d 341, 344 (7th Cir. 1994); *Angle v. United States*, 709 F.2d 570, 573 (9th Cir. 1983). Moreover, addressing the manifest-disregard standard in this opinion will most expeditiously resolve this litigation. Therefore, we address manifest disregard as part of this interlocutory appeal.

The parties dispute just what those narrow grounds for vacatur include. A.G. Edwards contends that a district court may vacate an arbitration award only on grounds explicitly listed in section 10 of the FAA, 9 U.S.C.A. § 10(a) (West Supp. 2004). These "statutory" grounds include situations

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id.* Section 10 does not explicitly provide for vacatur when the arbitrators manifestly disregard the statute or act arbitrarily and capriciously. *See id.* Therefore, A.G. Edwards argues, the district court improperly vacated the award based on a judicially-created "nonstatutory" ground. In the alternative, A.G. Edwards argues that even if a district court could vacate an award on nonstatutory grounds, the arbitrators in this case neither manifestly disregarded the law nor acted arbitrarily and capriciously. Brabham responds that the district court properly recognized manifest disregard and arbitrariness and capriciousness

5

as two nonstatutory grounds for vacating an award and that the award can be vacated on either ground.

## A. Manifest Disregard

We agree with the district court that manifest disregard is an accepted nonstatutory ground for vacatur and that the arbitrators in this case did not manifestly disregard the law.

Contrary to A.G. Edwards' contention, an arbitration award may be vacated if the arbitrators manifestly disregard the law. For many years, section 10 of the FAA "describe[d] the only grounds on which a reviewing court [could] vacate an arbitration award." *McIlroy v. Painewebber, Inc.*, 989 F.2d 817, 820 (5th Cir. 1993) (per curiam). A district court could not vacate an award for manifest disregard. *See R.M. Perez & Assocs. v. Welch*, 960 F.2d 534, 539-40 (5th Cir. 1992). Subsequently, however, a panel of this Circuit held that "clear approval of the 'manifest disregard' of the law standard in the review of arbitration awards under the FAA was signaled by the Supreme Court's statement in *First Options* that 'parties [are] bound by [an] arbitrator's decision not in "manifest disregard" of the law.'" *Williams v. Cigna Fin. Advisors Inc.*, 197 F.3d 752, 759 (5th Cir. 1999) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). Since *Williams*, we have noted the potential applicability of manifest disregard in a number of contexts. *See, e.g.*, *Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347, 363 (5th Cir. 2003),

6

*cert. denied*, 124 S. Ct. 1660 (2004) (international petroleum operations); *Glover*, 334 F.3d at 474 (workers' compensation); *Prestige Ford v. Ford Dealer Computer Servs.*, 324 F.3d 391, 395 (5th Cir.), *cert. denied*, 124 S. Ct. 281 (2003) (sales and service contract). Thus, this Circuit has already accepted manifest disregard as a ground for vacating an arbitration award.[3]

In this case, however, the arbitrators did not manifestly disregard the law. Manifest disregard "means more than error or misunderstanding with respect to the law." *Prestige Ford*, 324 F.3d at 395 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir. 1986)). The arbitrators must have "appreciate[d] the existence of a clearly governing principle but decided to ignore or pay no attention to it." *Id.* Furthermore, "the governing law ignored by the arbitrators must be well defined, explicit, and clearly applicable." *Id.* (quoting *Merrill Lynch*, 808 F.2d at 934).

Brabham claims that the arbitration panel manifestly disregarded *Miley v. Oppenheimer & Co.*, which discusses the measure of an investor's damages in cases of broker misconduct. 637 F.2d

---

[3]  *Brook v. Peak International*, a case decided after *Williams*, reiterated our Circuit's prior rule that section 10 of the FAA lists the only grounds on which an award may be vacated. *See Brook*, 294 F.3d at 672. We must follow *Williams*, not *Brook*. A prior panel opinion controls until explicitly or implicitly overruled by the Supreme Court or the Fifth Circuit sitting en banc. *United States v. Mask*, 330 F.3d 330, 334 (5th Cir. 2003). *Williams* interprets the Supreme Court as implicitly overruling our prior statements denying all nonstatutory grounds for vacatur, *see* 197 F.3d at 759, and therefore requires that we accept manifest disregard as a nonstatutory ground.

7

318, 326-29 (5th Cir. 1981). In *Miley*, we instructed district courts to measure damages according to "how the investor's portfolio would have fared in the absence of the such [sic] misconduct." *Id.* at 328. We also stated that "in the absence of either a specialized portfolio or a showing by either party that a different method is more accurate," it would be "preferable" for district courts to use "the average percentage of performance of the Dow Jones Industrials or the Standard & Poor's Index during the relevant period as the indicia of how a given portfolio would have performed in the absence of the broker's misconduct." *Id.* Brabham points out that his expert used the Dow Jones and S&P to estimate damages and contends that A.G. Edwards offered no evidence in rebuttal. Therefore, Brabham argues, the panel could only have departed from his expert's estimates by disregarding *Miley*.[4]

The district court properly rejected this argument. As Brabham admits, *Miley* did not impose a procrustean measure for use in every case of broker misconduct. Because there are "countless legitimate ways" to manage a portfolio, "it is impossible to compute the exact amount of trading losses" after the fact. *Id.* at 327. A number of factors, including the instructions given the broker or the nature of the portfolio at issue, may affect the

---

[4] Brabham also points to an exchange during the arbitration hearing in which one of the three arbitrators expressed doubt concerning the expert's damage calculations and Brabham's application of *Miley*. The arbitrator explicitly noted that he was not prejudging the application of *Miley* to Brabham's case, so we cannot infer from these comments that the arbitrators chose to depart from any settled legal rules.

proper measure of damages in a particular case. *Id.* at 327-28. We find no indication that the arbitrators' departure from the damage calculations urged by Brabham resulted from a disregard of *Miley*'s flexible rule rather than a tailoring of the damages to the specific circumstances of this case. The district court correctly determined that the arbitrators did not manifestly disregard the law.[5]

## B. Arbitrary and Capricious

Unlike manifest disregard, arbitrariness and capriciousness is not an accepted nonstatutory ground for vacatur in FAA cases in this Circuit.[6]

---

[5] Because the arbitrators did not manifestly disregard the law, we do not reach the second part of the manifest disregard test established in *Williams*, i.e., whether the arbitrators' disregard of the law resulted in "significant injustice." 197 F.3d at 762.

[6] The other circuits are in disarray on this question. *Cf. George Watts & Son v. Tiffany & Co.*, 248 F.3d 577, 580 (7th Cir. 2001) (recounting confusion in the Seventh Circuit and commenting that "[t]he law in other circuits is similarly confused, doubtless because the Supreme Court has been opaque"). The Eleventh Circuit has accepted that an award may be vacated as arbitrary and capricious. *See Lifecare Int'l, Inc. v. CD Med., Inc.*, 68 F.3d 429, 435 (11th Cir. 1995). The Eleventh Circuit, however, stands alone. *See* Larry E. Edmondson, 1 Domke on Commercial Arbitration § 39:10 (3d ed. 2003) (characterizing the idea that an award may be vacated as arbitrary and capricious as a "construct of the Eleventh Circuit").

The Fourth, Seventh, and Tenth Circuits have implicitly rejected the Eleventh Circuit's position by enunciating accepted grounds for vacatur and rejecting all others. *See, e.g.*, *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001); *IDS Life Ins. Co. v. Royal Alliance Assocs.*, 266 F.3d 645, 650 (7th Cir. 2001); *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998). (However, these three circuits do not agree on what those accepted nonstatutory grounds for vacatur are. The Fourth Circuit accepts only manifest disregard. *Apex*, 142 F.3d at 193. The Seventh Circuit accepts only a limited version of manifest disregard. *See IDS*, 266 F.3d at 650. The Tenth Circuit accepts manifest disregard, violation of public policy, and denial of a fundamentally fair hearing. *See Sheldon*, 269 F.3d at 1206.)

The First, Second, and D.C. Circuits have neither accepted nor rejected arbitrariness and capriciousness but have emphasized that vacatur is available

(continued...)

Our cases have recognized that a district court may vacate as arbitrary and capricious an arbitration award that arises from the terms of a collective bargaining agreement. *See, e.g.*, *Oil, Chem. & Atomic Workers, Int'l Union, Local No. 4-228 v. Union Oil Co. of Cal.*, 818 F.2d 437, 440-41 (5th Cir. 1987); *Teamsters Local Union 657 v. Stanley Structures, Inc.*, 735 F.2d 903, 905 (5th Cir. 1984); *Safeway Stores v. Am. Bakery & Confectionery Workers Int'l Union, Local 111*, 390 F.2d 79, 81 (5th Cir. 1968). Drawing on this precedent, the court in *Williams* observed that "[p]anels of this circuit have recognized . . . nonstatutory grounds for vacatur of arbitration awards in [Labor-Management Relations Act] and FAA cases," including vacaturs of "arbitrary and capricious award[s]." 197 F.3d at 758.

---

[6](...continued)

only in very limited circumstances. *See, e.g.*, *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2d Cir. 2000); *Morani v. Landenberger*, 196 F.3d 9, 11 (1st Cir. 1999); *Al-Harbi v. Citibank, N.A.*, 85 F.3d 680, 682 (D.C. Cir. 1996).

The Third, Eighth, and Ninth Circuits have recognized that an award may be vacated as completely irrational. *See, e.g.*, *Schoch v. InfoUSA, Inc.*, 341 F.3d 785, 788 (8th Cir. 2003), *cert. denied*, 124 S. Ct. 1414 (2004); *G.C. & K.B. Invs. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003), *cert. dismissed*, 124 S. Ct. 980 (2004); *Roadway Package Sys., Inc. v. Kayser*, 257 F.3d 287, 292 n.2 (3d Cir. 2001). This test is "similar in nature in thrust to the 'arbitrary and capricious' test of the Eleventh Circuit." 1 Domke, *supra*, § 39:11. Some cases from these Circuits, however, suggest that "complete irrationality" is simply a subset of a statutory ground for vacatur. *See, e.g.*, *Kyocera Corp. v. Prudential-Bache Trade Servs.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc) ("We have held that arbitrators 'exceed their powers' [under section 10(a)(4) of the FAA] not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational' or exhibits 'manifest disregard of law.'") (internal citations omitted); *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*, 868 F.2d 52, 56 (3d Cir. 1989) (considering in context of challenge under § 10(a)(4) whether award was completely irrational).

10

But neither this observation nor the precedent underlying it establishes that district courts may vacate an award as arbitrary and capricious in FAA cases. Previous opinions that have recognized review of awards for arbitrariness and capriciousness, including the two opinions cited in *Williams*, reviewed awards arising from collective bargaining agreements. *See Manville Forest Prods. Corp. v. United Paperworkers Int'l Union*, 831 F.2d 72, 73-74;[7] *Oil, Chem. & Atomic Workers*, 818 F.2d at 440-43; *Teamsters*, 735 F.2d at 905; *Int'l Ass'n of Machinists, Dist. No. 145 v. Modern Air Transport, Inc.*, 495 F.2d 1241, 1244-45 (5th Cir. 1974); *Bhd. of R.R. Trainmen v. Cent. of Ga. Ry. Co.*, 415 F.2d 403, 411-12 (5th Cir. 1969); *Safeway*, 390 F.2d at 81-83. Judicial review of labor arbitration is not authorized by the FAA, but by section 301 of the Labor-Management Relations Act ("LRMA"), 29 U.S.C.A. § 185 (West 1998). *Brown v. Witco Corp.*, 340 F.3d 209, 217-18 (5th Cir. 2003). As *Williams* itself recognizes, review under the LMRA and review under the FAA, while often similar, are not interchangeable. *See* 197 F.3d at 761; *see also Witco Corp.*, 340 F.3d at 217-18 & n.8; *Int'l Chem. Workers Union v. Columbian Chems. Co.*, 331 F.3d 491, 494 (5th Cir. 2003). Thus, our LMRA cases do not require that

---

[7] *Manville* did not use the phrase "arbitrary and capricious," but *Williams* nonetheless cited *Manville* as an example of a case recognizing vacatur of arbitrary and capricious awards.

11

awards in FAA cases be subject to review for arbitrariness and capriciousness.

The district court found support for adoption of arbitrariness and capriciousness as a separate ground in *Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210 (5th Cir. 1993). In *Valentine*, an FAA case, the court stated that "[i]f the award is rationally inferable from the facts before the arbitrator, we must affirm the award." 981 F.2d 210, 214 (5th Cir. 1993). This statement mirrors the Eleventh Circuit's holding that a decision may not be vacated as arbitrary and capricious under the FAA "unless no ground for the decision can be inferred from the facts," *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1223 (11th Cir. 2000). Based on this similarity, the district court surmised that this Circuit has "in effect stated an 'arbitrary and capricious' standard of review." *Brabham*, 265 F. Supp. 2d at 724.

*Valentine* is part of a line of cases in which we have held that an award must be affirmed unless it is rationally inferable from the language and purpose of the agreement before the arbitrators, *see, e.g.*, *Glover*, 334 F.3d at 474; *Executone Information Sys., Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994); *Anderman/Smith Co. v. Tenn. Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990). This principle explicates the rule, sometimes called the "essence test," that an arbitration decision must "draw its essence" from the agreement it construes. *See*

12

*Executone*, 26 F.3d at 1324. As *Valentine*'s citation of *Anderman/Smith* suggests, *see Valentine*, 981 F.2d at 214, the idea that an award should be rationally inferable from the facts and the idea that an award should be rationally inferable from the contract are simply two sides of the same coin. Every arbitration award results from an application of the contract to the facts before the panel, so any award that is rationally inferable from the contract will also be rationally inferable from the facts applied to the contract. Thus, *Valentine* does not support the adoption of arbitrariness and capriciousness as a separate and independent ground for vacatur, but simply restates the well-established essence test.[8]

As a matter of first impression, then, we reject arbitrariness and capriciousness as an independent nonstatutory ground for vacatur under the FAA. Because we must remain exceedingly

---

[8]    The essence test originally sprang from our LMRA cases. *See Executone*, 26 F.3d at 1324-25 (tracing history of test). Perhaps for this reason, *Williams* categorizes the essence test as a ground for vacatur independent of both the "arbitrary and capricious" ground and section 10's statutory grounds. *See Williams*, 197 F.3d at 758. Lest our discussion of the essence test be viewed as the endorsement of another independent nonstatutory ground for vacatur, we add that this statement from *Williams* is arguably dictum and certainly debatable. The history of the essence test does not suggest that we have adopted this test as a nonstatutory ground for vacatur. Such an interpretation would have placed *Executone*, *Valentine*, and *Anderman/Smith* in conflict with the then-controlling rule that there were no nonstatutory grounds for vacatur, *see McIlroy*, 989 F.2d at 820. Rather, a close reading of *Glover* and *Executone* suggests that the essence test is simply a facet of the statutory ground for vacatur established by 9 U.S.C.A. § 10(a)(4), which permits vacatur when arbitrators exceed their authority. *See Glover*, 334 F.3d at 474-75; *Executone*, 26 F.3d at 1320, 1329. After all, an arbitrator derives her authority from the contract between the disputing parties, so an award that cannot be rationally inferred from the contract is necessarily beyond the arbitrator's authority. *Cf. Bhd. of R.R. Trainmen*, 415 F.2d at 411-12 (LMRA case) (characterizing award that fails to draw its essence from the contract as exceeding the authority of the arbitrators).

13

deferential to arbitration, we can permit vacatur of an award only on very narrow grounds. *See Glover*, 334 F.3d at 473-74. Multiplying the grounds for vacatur would be inconsistent with the deference we must accord an arbitrator's decisions, *see id.* at 473. Therefore, courts should carve out new grounds for vacatur reluctantly and carefully. *See Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 222 (2d Cir. 2002).

We see no compelling reason to recognize arbitrariness and capriciousness as an independent nonstatutory ground for vacatur. Our established rules of deference foreclose all but the most limited review. Arbitrators need not give reasons for their awards. *McIlroy*, 989 F.2d at 821. Even when arbitrators do provide a rationale for their awards, courts may not review that reasoning. *See Anderman/Smith*, 918 F.3d at 1219 n.3. Uncertainty about arbitrators' reasoning cannot justify vacatur, for a court must resolve all doubts in favor of arbitration. *See Action Inds., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 343 (5th Cir. 2004). Given these constraints, judicial review of an award's rationality must be confined to situations in which the party challenging the award can prove that clearly applicable law or the parties' contract indisputably dictates a contrary result.[9]

---

[9] Thus, aside from its misstep in recognizing arbitrariness and capriciousness as a ground for vacatur, the district court erred in vacating the award simply because it could not ascertain how the panel reached its conclusion, *see Brabham*, 265 F. Supp. 2d at 726. The district court should have resolved any doubt or uncertainty in favor of upholding the award. *See Action Inds.*, 358 F.3d

(continued...)

In this Circuit, such situations trigger existing grounds for vacatur. If, based on the facts before the arbitrator, an award indisputably runs contrary to clearly applicable law known to the arbitrators, then the district court can vacate the award as manifestly disregarding the law. *See Prestige Ford*, 324 F.3d at 395-96. If an award clearly and indisputably runs contrary to the parties' contract, such as when the panel invalidates the very contract from which it derives its authority or acts contrary to an express contractual provision, then the district court can vacate the award under the essence test. *See Executone*, 26 F.3d at 1325. Thus, establishing arbitrariness and capriciousness as an additional ground for vacatur would simply duplicate existing grounds.

As the development of our arbitration jurisprudence indicates, the mutability of legal terminology would allow courts to describe an award that manifestly disregarded the law or failed to draw its essence from the contract as "arbitrary and capricious." For instance, it is in the context of the essence test that our LMRA cases mention arbitrariness and capriciousness. *See, e.g., Teamsters*, 735 F.2d at 905 (quoting *Bhd. of R.R. Trainmen*, 415 F.2d

---

[9](...continued)
at 343.

Even so, we do not share the district court's perplexity. The award is rationally inferable from the facts and contract before the arbitrators. The arbitrators might have concluded that Brabham should have supervised his accounts better and discounted the award accordingly. Or the arbitrators might have determined that the securities held by Brabham would not have appreciated as substantially as Brabham's expert believed.

at 412). In the interest of establishing clear and deferential standards of review, however, we must avoid hashing the existing grounds for vacatur into analytical bits, only to see those bits take on a life of their own and inexorably overwhelm the deference accorded arbitration awards. *Cf.* Johann Wolfgang von Goethe, Goethe's Poems & Aphorisms (Friedrich Burns ed., Oxford Univ. Press 1982) (recounting the fable of the Sorcerer's Apprentice). Arbitrariness and capriciousness is not an independent ground for vacatur in this Circuit, and the district court should not have vacated the award on that ground.[10]

## III. Conclusion

The district court properly recognized manifest disregard as a ground for vacating an arbitration award and correctly refused to vacate the award on that ground. However, the district court erred in vacating the award as arbitrary and capricious. Therefore, we reverse the district court's order vacating the award and remand this case for further proceedings.

REVERSED and REMANDED.

---

[10] Although our holding today forecloses arbitrariness and capriciousness as a ground for vacating an arbitration award in an FAA case, Brabham would not prevail even were we to embrace the Eleventh Circuit's standard for arbitrariness and capriciousness. In the Eleventh Circuit, if an arbitration panel gives no reason for a lump-sum award, then the party seeking vacatur bears the burden of refuting every rational basis on which the panel could have relied. *See Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 779, 780 n.4 (11th Cir. 1993). The court must uphold the award if a plaintiff's success on her claims "would not inevitably result in one, undisputed measure of damages from which the arbitrators could not stray." *Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 1410, 1413 (11th Cir. 1990). Brabham has not proved that a different award was inevitable, so his argument for vacatur fails even under the standard he promotes.