United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11488
Summary Calendar

JACQUELINE E. BUTLER,

Plaintiff-Appellant,

versus

MUNSCH, HARDT, KOPF & HARR, P.C., MARC A. HUBBARD, AND WEI WEI
JEANG,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-01811
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Jacqueline Butler appeals the district court's order denying

her motion to vacate the arbitrator's award and granting

defendant's application for order confirming the arbitration

award issued in her employment discrimination action.  In the

arbitration, Butler alleged that the Munsch, Hardt, Kopf & Harr,

P.C. ("Munsch Hardt") denied her promotion from a secretarial job

to either an IP Specialist or IP Paralegal position because of

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

her race.  The arbitrator decided in favor of her employer and the district court confirmed the award.

Our review of arbitration awards is exceedingly deferential and we can order vacatur of an arbitration award only on very narrow grounds. Brabham v. A.G. Edwards & Sons, Inc., 376 F.3d 377, 380 (5th Cir. 2004).  Four statutory grounds are provided by Section 10 of the Federal Arbitration Act:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Id. at 380-381.  This court also recognizes two non-statutory grounds for vacating an arbitration award: (1) if the award is clearly contrary to an explicit, well-defined and dominant public policy, or (2) if the arbitrator manifestly disregarded the law. Prestige Ford v. Ford Dealer Computer Servs., 324 F.3d 391, 395-96 (5th Cir. 2003).

Butler, who appears *pro se*, complains that she was not allowed to present certain evidence or call certain witnesses

that were "pertinent and material to the controversy." The excluded evidence was a transcript Butler prepared of a tape-recorded conversation she had with defendant Wei Wei Jeang. The arbitrator properly excluded the transcript because the source tape was not authenticated and offered into evidence. Fountain v. United States, 384 F.2d 624, 632 (5th Cir. 1967). In addition, both Butler and Jeang testified about the substance of the conversation recorded on the tape, making the transcript cumulative evidence. Gateway Technologies v. MCI Telecommunications Corp., 64 F.3d 993, 997, n.4 (5th Cir. 1995). Butler also complains that two witnesses she wished to call were not allowed to testify or were limited in the substance of their testimony. The arbitrator did not err in limiting the testimony of these witnesses who had different supervisors or worked in different parts of the firm than Butler. Wyvill v. United Cos. Life Ins. Co., 212 F.3d 296, 302 (5th Cir. 2000). Neither of these evidentiary complaints can serve as a basis for vacating the award.

Butler also raises issues regarding the merits of the arbitrator's decision. As stated above, in order to succeed, she must show that the arbitrator's decision "manifestly disregarded the law." Prestige Ford, 324 F.3d at 395-96. Butler cannot meet that standard. Butler failed to establish a *prima facie* case of employment discrimination by failing to establish that she was

qualified for the promotion she claims she was denied based on her race.  <u>Celestine v. Petroleos de Venez. SA</u>, 266 F.3d 343, 354-44 (5th Cir. 2001).  In addition, the defendants have put forth a non-discriminatory reason for failing to promote her. The other candidates were more qualified.  <u>Id</u>. at 357. Accordingly, the arbitrator did not manifestly disregard the law in rejecting her failure to promote claims.  Her claims of retaliation and intentional infliction of emotion distress were also properly dismissed for failure of proof.

For the foregoing reasons, the judgment of the district court is AFFIRMED.