IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-10343

NETKNOWLEDGE TECHNOLOGIES LLC doing business as
NK SOFT.COM CORP

            Plaintiff

v.

RAPID TRANSMIT TECHNOLOGIES, also known as WaKuL Inc

            Third Party Plaintiff - Appellee

v.

ERICSSON INC

            Third Party Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
3:02-CV-2406

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        This matter reaches us on appeal following the district court's review of

the Arbitrator's award of damages, attorneys' fees, and costs in favor of Rapid

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Transit Technologies a/k/a WaKuL, Inc. ("WaKuL") and against Ericsson, Inc. The district court granted WaKuL's motion to confirm the Arbitrator's award and concurrently denied Ericsson's motion to vacate the award. After considering the parties' written and oral arguments, we AFFIRM for the reasons assigned by the district court:

1. The Arbitrator did not exceed his authority by awarding damages to WaKuL in excess of the Master Purchase Agreement ("MPA")'s limitation of liability provision because he determined that the limitation of liability provision was void due to fraudulent inducement.

2. To succeed on its argument that the Arbitrator manifestly disregarded Texas law when it determined that the MPA's merger clause did not preclude WaKuL's fraudulent inducement claim, Ericsson had to show "the existence of a clearly governing principle" that is "well defined, explicit, and clearly applicable." See Brabham v. A.G. Edwards & Sons Inc., 376 F.3d 377, 381-82 (5th Cir. 2004). It failed to do so. This court has not read Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171 (Tex. 1997), and its progeny as standing for the principle that, under Texas law, the presence of a merger clause categorically bars a fraudulent inducement claim under the contract, as Ericsson contends. See Dunbar Med. Sys., Inc. v. Gammex Inc., 216 F.3d 441, 449 & n.11 (5th Cir. 2000); see also Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, L.L.C., No. 06-20395, 2007 WL 2909565, at *13 (5th Cir. Oct. 5, 2007) (unpublished). Rather, Schlumberger and its progeny make clear that the proper inquiry into whether the presence of a merger clause

bars a fraudulent inducement claim is a fact-specific one, precisely of the kind engaged in by the Arbitrator here. Accordingly, the Arbitrator did not manifestly disregard Texas law on merger clauses.

3. The Arbitrator did not exceed his authority by awarding WaKuL attorneys' fees pursuant to the MPA's arbitration provision. The arbitration provision plainly provided the Arbitrator with the authority to award attorneys' fees to the prevailing party. See MPA, at ¶ 17 ("Arbitration . . . shall include an award of attorneys' fees (and the amount of such fees) to the prevailing party."). Moreover, both parties requested attorneys' fees while this matter was before the Arbitrator, thereby permitting the Arbitrator to award attorneys' fees under the Rules of the American Arbitration Association. See Commercial Arbitration Rule R-43(d)(ii).

AFFIRMED.