**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 29, 2011

Lyle W. Cayce
Clerk

No. 11-10219
Summary Calendar

CHRISTOPHER MICHAEL WANKEN,

Plaintiff-Appellant,

versus

JOHN DWIGHT WANKEN;
RAYMOND JAMES FINANCIAL SERVICES, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:10-CV-556

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Christopher Wanken ("Wanken") appeals the denial of his motion to vacate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10219

an arbitration award and the grant of defendants' motions to confirm the award. Finding no error, we affirm.

I.

Wanken was terminated from his employment as a registered sales associate at Beacon Financial Advisors, a firm owned by his father, John Wanken, and operated as an independent branch office of Raymond James Financial Services, Inc. ("Raymond James"). Wanken filed for arbitration with the Financial Industry Regulatory Authority, claiming that he was a partner in Beacon Financial and accordingly deserved additional compensation as a result of his wrongful termination. He also said that John Wanken and Raymond James had defamed him by listing, on a publicly available document, "Job Performance" as the basis for his termination. John Wanken counterclaimed, alleging that the arbitration was filed to harass him.

After extensive discovery and argument, the arbitration panel rejected the majority of Wanken's claims but granted him $1,200 in costs from Raymond James and ordered that the basis for his termination be changed to "no-fault." The panel also rejected all of John Wanken's counterclaims and assigned the costs to John Wanken and Raymond James.

Wanken sued under 9 U.S.C. § 10(a) to vacate and modify the arbitration award, claiming that (1) the award was procured by fraud; (2) the arbitration panel did not allow him to complete his discovery requests; (3) the panel failed to enforce its discovery orders; (4) the panel refused to consider material evidence; (5) the panel was improperly biased; (6) the panel exceeded and improperly exercised its powers; and (7) John Wanken, Raymond James, and their attorneys engaged in fraud and misconduct in the arbitration proceedings.

John Wanken and Raymond James filed motions to dismiss, which the magistrate judge recommended be treated as motions to confirm the arbitration

No. 11-10219

award and be granted. Wanken filed objections to the recommendation and an amended motion to vacate. The district court, after *de novo* review, accepted the recommendation and confirmed the award.

II.

We review the confirmation of an arbitration award *de novo*, using the same standards as did the district court. *See Wartsila Finland Oy v. Duke Capital, LLC*, 518 F.3d 287, 291 (5th Cir. 2008) (citation omitted). The review of an award is "exceedingly deferential." *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004). We may vacate an award only

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).[1] The burden of proof is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it. *Brabham*, 376 F.3d at 385 n.9 (citations omitted).

Wanken argues that we should instead review the district court's order under the motion-to-dismiss standard. That is incorrect; the court plainly treated the relevant motions as motions to confirm the arbitration award, exem-

---

[1] *See also Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (stating that the grounds for vacating an arbitration award are restricted to those set forth in the Federal Arbitration Act, specifically in 9 U.S.C. § 10).

No. 11-10219

plified by the fact that the court considered all the evidence in the record before confirming the award.

### III.

Wanken's argument that the arbitration award is not supported by the evidence is irrelevant. We have no authority to review the merits of the award; our inquiry is limited to determining whether any of the statutory conditions for vacating it have been met.[2] On that score, Wanken has not provided sufficient evidence to satisfy any of those conditions.

### A.

Wanken contends that the award was procured by fraud. Specifically, he argues that John Wanken gave fraudulent testimony during the arbitration proceedings and concealed documents to deny him the opportunity to present his claims fully to the panel. Wanken also contends that John Wanken, Raymond James, and their attorneys generally engaged in fraud and misconduct during the proceedings. None of these arguments is supported by the record.

Wanken claims that John Wanken gave fraudulent testimony by taking a position in the arbitration proceeding that were inconsistent with those taken in proceedings before the Texas Workforce Commission—the inconsistent position being whether Wanken was an employee or independent contractor at Beacon Financial. Even assuming, however, that John Wanken did take inconsistent positions—the evidence of which is nothing more than Wanken's assertions —this particular issue had no bearing on the arbitration proceedings. During arbitration, the issue was whether Wanken was a partner at Beacon Financial. John Wanken said he was not, and the arbitration panel agreed. Whether Wan-

---

[2] *See Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 357 (5th Cir. 2004), *overruled on other grounds by Citigroup Global Markets Inc. v. Bacon*, 562 F.3d 349 (5th Cir. 2009).

ken was an employee or independent contractor is not relevant to whether he was a partner—and John Wanken has consistently maintained that Wanken was not a partner at Beacon Financial. Moreover, we cannot vacate an award merely because the arbitrators chose to credit one witness's testimony over another's.

Wanken provides no support in the record, beyond his conclusional allegations, that John Wanken has concealed documents. He also provides no credible evidence supporting his vague allegation that John Wanken, Raymond James, and their attorneys engaged in fraud and misconduct in the arbitration. Accordingly, Wanken's argument that the award should be vacated for fraud fails.

## B.

Wanken maintains that the award should be vacated because the panel did not allow him to complete his discovery requests, failed to enforce its discovery orders, and did not consider material evidence. The record does not support any of those contentions.

The defendants produced over 6000 pages of documents in response to over 250 discovery requests. The panel, after conducting extensive hearings to resolve discovery issues, ordered the production of additional documents. The panel did not, however, order the production of all the documents Wanken requested, on the grounds that the requests were cumbersome and that some of the requests were irrelevant or not critical to the claims at issue. The panel's decision on that score was eminently reasonable and does not amount to "misbehavior" or refusal to "hear evidence pertinent and material to the controversy."

Nor is it accurate to characterize the panel's decision not to sanction John Wanken or Raymond James as a failure to enforce its discovery orders—the decision to sanction is discretionary, and Wanken has not shown any evidence to suggest that the panel's exercise of that discretion was in error. Similarly, there

No. 11-10219

is no evidence in the record to support Wanken's claim that the panel failed to consider material evidence in rendering its decision.

## C.

Wanken contends that the arbitration panel was improperly biased against him. He does not, however, submit any evidence—beyond the fact that the panel did not grant him the relief he sought—supporting that allegation, nor is there any in the record.

## D.

Wanken claims the panel exceeded and improperly exercised its powers. Specifically, he asserts that it (1) failed to enforce its discovery orders; (2) issued contradictory orders regarding witnesses; (3) refused to reconsider a discovery ruling; (4) did not inform him he was entitled to a continuance; (5) issued a "gag" order that prevented him from communicating with the media; and (6) made an "ambiguous and contradictory" award.

We have essentially addressed arguments (1), (2), (3), and (6), above. As to the others, Wanken offers no explanation as to how those occurrences violate the Federal Arbitration Act. Even assuming, *arguendo*, that the arguments have factual merit, they do not amount to an excessive or improper exercise of the panel's powers.

## IV.

Wanken avers that the district court failed to consider his amended motion to vacate. That claim has no merit. The court explicitly stated that, "*even considering plaintiff's amended pleadings*, plaintiff has failed to establish any grounds for vacating or modifying the arbitration award." (Emphasis added.)

No. 11-10219

## V.

Wanken maintains that he was entitled to notice before the magistrate judge recommended converting the motions to dismiss to motions to confirm the arbitration award.  Even assuming, *arguendo*, that notice was required and not given before the magistrate judge made the recommendation, Wanken was given a chance to object—an opportunity he used—before the district court conducted a *de novo* review of the motions.  Accordingly, Wanken was provided more than sufficient notice that the motions to dismiss could be treated as motions to confirm.

AFFIRMED.