# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 11, 2013

No. 12-10562
Summary Calendar

Lyle W. Cayce
Clerk

CHRISTOPHER MICHAEL WANKEN,

Plaintiff-Appellant

v.

JOHN DWIGHT WANKEN; RAYMOND JAMES
FINANCIAL SERVICES INC,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC 3:10-CV-556

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pro se Plaintiff-Appellant Christopher Wanken appeals the district court's order denying his motion for relief under Federal Rule of Civil Procedure 60(b)(6). Wanken's Rule 60(b)(6) motion seeks relief from a judgment confirming an adverse arbitration award. Wanken claims that the district court ignored new evidence that demonstrates Defendants-Appellees John Wanken and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10562

Raymond James Financial Services, Inc. gave perjured testimony and fraudulently procured an award in the underlying arbitration proceeding. For the following reasons, the district court's order is AFFIRMED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case has been extensively documented both in this court and the district court. *See Wanken v. Wanken*, 451 F. App'x 319, 320-21 (5th Cir. 2011). For purposes of Wanken's Rule 60(b)(6) motion, it is sufficient to observe that this case arises out of an adverse arbitration award and Wanken's subsequent motion to vacate and modify the award pursuant to 9 U.S.C. § 10(a). In response to Wanken's motion, John Wanken and Raymond James Financial Services Inc. (collectively "Appellees") filed motions to dismiss. On February 7, 2011, the district court accepted a magistrate judge's findings and recommendations that Appellees' motions to dismiss be converted to cross-motions to confirm the arbitration award and that those motions be granted. Wanken appealed. On September 29, 2011, this court issued an opinion affirming the district court's judgment. Thereafter, the Supreme Court denied Wanken's petition for certiorari.

Wanken then filed a motion for relief under Rule 60(b)(6). The district court did not request a response from Appellees and denied Wanken's motion on April 30, 2012. Wanken timely filed a notice of appeal on May 25, 2012, and an amended notice of appeal on May 29, 2012.

## II. STANDARD OF REVIEW

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *See Warfield v. Byron*, 436 F.3d 551, 555 (5th Cir. 2006). Pursuant to Rule 60(b)(6), a court may set aside a judgment for any reason justifying relief that is not otherwise provided for under Rule 60. *Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 386 n.12 (5th Cir. 2012). Relief under Rule 60(b)(6) "will be granted only if extraordinary circumstances are present." *Batts*

No. 12-10562

*v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citation and internal quotation marks omitted).

## III.  DISCUSSION

Wanken's Rule 60(b)(6) motion primarily argues that the district court abused its discretion in not considering new evidence contained in a final report ("Report") issued by the Texas Workforce Commission ("TWC").[1]  According to Wanken, he first saw the Report on March 16, 2012.  The Report allegedly demonstrates that Appellees offered perjured testimony and procured an award in the underlying arbitration proceeding by fraud.  We conclude that the district court did not abuse its discretion in denying Wanken's Rule 60(b)(6) motion.[2]

First, although repeatedly asserting that the Report "clearly demonstrate[s] that [Appellees] contradicted all of [their] . . . arbitration testimony . . . on every material issue that was decided at arbitration," Wanken

---

[1] In what this court construes as a mistaken attempt to raise the stakes of this appeal, Wanken for the first time alleges that John Wanken was responsible for the death of John Wanken's wife and Wanken's mother, Vicki Wanken.  Wanken further asserts that John Wanken impersonated Wanken and accessed his email records and bank accounts. Aside from being conclusory and inappropriate in what is, for all intents and purposes, a suit against enforcement of an arbitration award, such charges also were not raised before the district court, and this court declines now to consider them.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).

[2] The district court's denial of Wanken's motion is also affirmed to the extent he seeks reconsideration of arguments previously rejected by both the district court and this court on appeal.  For example, Wanken's brief states that Appellees contradicted their arbitration testimony during investigations by the TWC.  This contention is identical to the one Wanken previously raised.  *Wanken*, 451 F. App'x at 321-22 ("Specifically, [Wanken] argues that John Wanken gave fraudulent testimony during the arbitration proceedings and concealed documents to deny him the opportunity to present his claims fully to the panel.").  We rejected that argument as unsupported by the record.  *Id.* at 322.  We observed that the allegedly perjured testimony related to whether Wanken was an employee or an independent contractor of John Wanken.  *Id.*  This testimony was irrelevant, however, because the issue in the arbitration proceeding was whether Wanken was a partner at Beacon Financial, a firm owned by John Wanken and operated as an independent branch office of Raymond James Financial Services, Inc.  *Id.* at 320, 322.  "Whether Wanken was an employee or independent contractor is not relevant to whether he was a partner—and John Wanken has consistently maintained that Wanken was not a partner at Beacon Financial."  *Id.* at 322.

nowhere elaborates on either the substance of the testimony or the material issues at stake. Wanken's brief is filled with similar conclusory statements. Wholly unaddressed is our prior observation that the issue during arbitration "was whether Wanken was a partner at Beacon Financial." *Wanken*, 451 F. App'x at 322. Equally unexplained is how the Report would show that Appellees colluded and conspired to procure the arbitration award by fraud. Wanken does not compare Appellees' testimony during the arbitration and in the Report. Such omissions prevent Wanken from demonstrating the kind of "extraordinary circumstances" necessary for granting relief under Rule 60(b)(6).[3] We thus agree with the district court's conclusion that the Report is "simply another attempt at the same argument—that Defendant John Wanken took allegedly inconsistent positions with the arbitration panel and the TWC." This argument was already rejected on appeal, and Wanken has failed to offer anything new to contradict that result.

Second, aside from his own conclusory statements describing the contents of the Report, Wanken has not offered the Report in support of his motion. Wanken explains his decision not to submit the Report as compelled by Texas law. According to Wanken, the TWC will not disclose the Report without a formal court order. This statement is confusing given that Wanken appears to be in possession of the Report. Moreover, Wanken does not cite to any statute prohibiting such a disclosure. Wanken cites TWC Rule 13, but that rule does not contain such a prohibition. *See* 40 Tex. Admin. Code § 815.113. Wanken

---

[3] Although Wanken's motion is brought under Rule 60(b)(6), his reliance on the previously unavailable Report resembles a motion brought under Rule 60(b)(2). Rule 60(b)(2) provides for relief based on "newly discovered evidence." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003). We have "consistently held that relief under 60(b)(6) is mutually exclusive from relief under sections (1)-(5)." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). In any event, Wanken does not rely on Rule 60(b)(2) and relief thereunder would be precluded by Wanken's failure to show how the evidence "would have produced a different result if present before the original judgment." *Goldstein*, 340 F.3d at 257.

generally points to section 815 of the Texas Administrative Code as governing disclosure of the Report, but again does not point to any specific provision. The absence of a statutory basis for Wanken's decision not to disclose the Report exacerbates the omissions already discussed.

Third, we reject Wanken's characterization of the district court as willfully closing its eyes to evidence critical to Wanken's motion. Wanken described the district court as stating that "it could not care less about the evidence—and that the evidence was not going to change its mind, no matter what the evidence showed." That is incorrect. The district court did not state that it would remain unmoved regardless of what the evidence might show. Rather, Wanken failed to describe anything in the Report that would alter the outcome of the district court's original decision to confirm the arbitration award. The district court also relied on our prior holding that even if evidence like the Report showed inconsistencies between Appellees' testimonies, such contradictions would be irrelevant in light of the statement's failure to relate the evidence to Wanken's purported status as a partner at Beacon Financial. As we previously held, "[e]ven assuming, however, that John Wanken did take inconsistent positions . . . this particular issue had no bearing on the arbitration proceedings." *Wanken*, 451 F. App'x at 322.

We conclude that Wanken's Rule 60(b)(6) motion is for all intents and purposes an attempt to relitigate issues addressed in our prior opinion affirming the district court's confirmation of the underlying arbitration award. Wanken's allegations are conclusory and his description of the Report nonexistent. Mindful that our review of the district court's judgment is for abuse of discretion, we find that Wanken's motion fails to satisfy Rule 60(b)(6)'s high burden.

## IV.  CONCLUSION

The district court's order denying Wanken's Rule 60(b)(6) motion is AFFIRMED.